UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ATATEKS FOREIGN TRADE LTD, JORDAN
and ATATEKS DIS TICARET A.S.,

       Plaintiffs,

    -against-

PRIVATE LABEL SOURCING, LLC
and SECOND SKIN, LLC,

       Defendants.
------------------------------------------------------------------x

Index No. 07 Civ. 6665 (HB)

ANSWER &
COUNTERCLAIM

  Defendant Private Label Sourcing, LLC ("Defendant Private Label"), by its attorneys Nesenoff & Miltenberg LLP, respectfully allege for their Answer & Counterclaim as follows:

  1. Defendant Private Label denies the allegations of Paragraph 1 of the Complaint.

  2. Defendant Private Label admits the allegations of Paragraph 2 of the Complaint.

  3. Defendant Private Label denies the allegations of Paragraph 3 of the Complaint, except avers that Defendant Private Label is a limited liability company organized under the laws of Delaware.

  4. Defendant Private Label denies the allegations of the paragraph 4 of the Complaint, except avers that Defendant Second Skin, LLC ("Defendant Second Skin") is a limited liability company under the laws of New Jersey and registered to do business in New York.

  5. Paragraph 5 of the Complaint as to jurisdiction states a legal conclusion to which a responsive pleading by Defendant Private Label is not required.

  6. Paragraph 6 of the Complaint as to venue states a legal conclusion to which a responsive pleading by Defendant Private Label is not required.

  7. Defendant Private Label denies the allegations of Paragraph 7 of the Complaint, except

-2-

avers that Defendant Private Label in 2002 placed purchased orders with Plaintiff Atateks Foreign Trade Ltd, Jordan ("Plaintiff Atateks Jordan") or Atateks Dis Tiscaret A.S. ("Plaintiff Atateks Turkey") for certain women's apparel manufactured by either Plaintiff Atateks Jordan and Plaintiff Atateks Turkey.

8. Defendant Private Label denies the allegations of Paragraph 8 of the Complaint, except avers that Defendant Private Label in 2002 placed purchased orders with Plaintiff Atateks Foreign Trade Ltd, Jordan ("Plaintiff Atateks Jordan") or Atateks Dis Tiscaret A.S. ("Plaintiff Atateks Turkey").

9. Defendant Private Label denies the allegations of Paragraph 9 of the Complaint, except avers that Defendant Private Label paid on the purchase orders until February 2007 despite disputes arising over late deliveries by Plaintiff Atateks Jordan or Plaintiff Atateks Turkey, canceled orders, defective goods and returned merchandise.

10. Defendant Private Label denies the allegations of Paragraph 10 of the Complaint.

11. Defendant Private Label denies the allegations of Paragraph 11 of the Complaint, except avers that disputes arose over late deliveries by Plaintiff Atateks Jordan or Plaintiff Atateks Turkey, canceled orders, defective goods and returned merchandise, that Defendant Private Label has reviewed and rejected an accounting by Plaintiff Atateks Jordan and Plaintiff Atateks Turkey and that Defendant Private Label has prepared a counter-accounting.

12. Defendant Private Label denies the allegations of Paragraph 12 of the Complaint.

13. Defendant Private Label denies the allegations of Paragraph 13 of the Complaint.

14. Defendant Private Label denies the allegations of Paragraph 14 of the Complaint.

15. Defendant Private Label denies the allegations of Paragraph 15 of the Complaint, except

-3-

avers that invoices were issued by Plaintiff Atateks Jordan or Plaintiff Atateks Turkey but were subject to disputes that arose over late deliveries by Plaintiff Atateks Jordan or Plaintiff Atateks Turkey, canceled orders, defective goods and returned merchandise.

16. Defendant Private Label denies the allegations of Paragraph 16 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

18. The claims of Plaintiff Atateks Jordan and Plaintiff Atateks Turkey are estopped.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19. The claims of Plaintiff Atateks Jordan and Plaintiff Atateks Turkey fail due to a lack of consideration.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

20. This action is barred insofar as Plaintiff Atateks Jordan and Plaintiff Atateks Turkey have failed to mitigate its claimed damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

21. Any damages allegedly incurred by Plaintiff Atateks Jordan and Plaintiff Atateks Turkey were the result of their own actions, errors, negligence, or other missions and were not caused, whether whole or in part, by the alleged actions or omissions of Defendant Private Label.

### AS AND FOR DEFENDANT PRIVATE LABEL'S COUNTERCLAIM

22. Plaintiff Atateks Jordan is a manufacturer of women's apparel whose principal place of business is at Industrial Building V, Altajamouat Industrial City, Q.I.Z., P.O. Box 42, Amman, 11636 Jordan. Plaintiff Atateks Turkey is a manufacturer of women's apparel whose principal place

-4-

of business is at Cam Skak No. 26 Merter, Instanbul, Turkey.

23. Defendant Private Label is a limited liability company organized under the laws of Delaware whose principal place of business is at 597 Broadway, 2R, New York, New York 10012.

24. Beginning in 2002, Defendant Private Label placed purchased orders with Plaintiff Atateks Jordan Plaintiff Atateks Turkey for certain women's apparel manufactured by either Plaintiff Atateks Jordan and Plaintiff Atateks Turkey.

25. Disputes arose over late deliveries by Plaintiff Atateks Jordan and Plaintiff Atateks Turkey, canceled orders, defective goods and returned merchandise that resulted in breaches of purchase orders by Plaintiff Atateks Jordan and Plaintiff Atateks Turkey placed by Defendant Private Label.

26. Defendant Private Label was damaged in an amount to be determined at trial by the losses that were proximately caused by the breaches of purchase orders by Plaintiff Atateks Jordan and Plaintiff Atateks Turkey placed by Defendant Private Label.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Private Label demands Judgment:

(i) dismissing the Complaint with prejudice;

(ii) on the Counterclaim, an award of money damages in an amount to be determined at trial;

(iii) an award of reasonable attorneys' fees, costs and disbursements to Defendant Private Label; and

-5-

(iv) for such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          September 21, 2007

                                            NESENOFF & MILTENBERG, LLP

                                            By: _____
                                                    Philip A. Byler, Esq. (PB 1234)

                                            **Attorneys for Defendants**

                                            **363 Seventh Avenue, Fifth Floor**
                                            **New York, New York  10001**
                                            **212.736.4500**