UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ATATEKS FOREIGN TRADE LTD, JORDAN
and ATATEKS DIS TICARET A.S.,

                Index No. 07 Civ. 6665 (HB)

        Plaintiffs,

-against-

PRIVATE LABEL SOURCING, LLC
and SECOND SKIN, LLC,

        Defendants.
------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS DEFENDANT SECOND SKIN, LLC

NESENOFF & MILTENBERG, LLP
Attorneys for Defendant Second Skin, LLC
Of Counsel: Philip A. Byler, Esq./Andrew T. Miltenberg, Esq.
363 Seventh Avenue - Fifth Floor
New York, New York 10001
212.736.4500

-i-

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

THE ALLEGATIONS OF THE COMPLAINT .................................................................... 1

ARGUMENT:  THE MOTION TO DISMISS DEFENDANT SECOND SKIN FROM
              THE COMPLAINT SHOULD BE GRANTED ..................................................... 3

CONCLUSION ..................................................................................................................... 5

-ii-

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Furia v Furia*, 116 A.D.2d 694, 498 N.Y.S.2d 12 (2nd Dept 1986) .................................................. 3

*Press v. Quick & O'Reilly, Inc.*, 218 F.3d 121, 128 (2d Cir. 2000) ............................................... 1, 3

*Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996) .................................................................... 1, 3

**Statutes & Rules**

Rule 12(b)(6), Federal Rules of Civil Procedure ............................................................... *passim*

**Other Authorities**

E. Farnsworth, *Contracts* (4th ed.), ¶ 4.24, pp. 279-280 (2004) ....................................................... 3

-1-

## PRELIMINARY STATEMENT

Defendant Second Skin, LLC ("Defendant Second Skin") submits this Memorandum of Law in support of its motion to be dismissed as a defendant in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion should be granted because even after accepting the factual allegations contained in the Complaint as true and drawing all reasonable inferences in favor of the non-moving party, the Complaint fails to state a claim as against Defendant Second Skin.

## THE ALLEGATIONS OF THE COMPLAINT

The allegations of the Amended Complaint are reviewed here because in deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the factual allegations contained in the Complaint as true and draw all reasonable inferences in favor of the non-moving party. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996); *Press v. Quick & O'Reilly, Inc.*, 218 F.3d 121, 128 (2d Cir. 2000). Attached as Exhibit A to the accompanying Declaration of Andrew T. Miltenberg, Esq. is a copy of the Complaint.

The Complaint identifies Plaintiff Atateks Foreign Trade LTD, Jordan ("Plaintiff Atateks Jordan") as a manufacturer of women's apparel located in Amman, Jordan and Plaintiff Atateks Dis Tiscaret A.S. ("Plaintiff Atateks Turkey") as a manufacturer of women's apparel located in Instanbul, Turkey. (Complaint ¶ 2.)

The Complaint identifies Defendant Private Label Sourcing, LLC ("Plaintiff Private Label") as a Delaware limited liability company that purchases women's apparel for resale to target and other retail outlets and does business under the name of Defendant Second Skin. The Complaint further identifies Defendant Second Skin as a New Jersey limited liability company that is registered to do business in and has its principal place of business in New York and that also purchases women's

-2-

apparel for resale to target and other retail outlets. (Complaint ¶¶ 3-4.)

According to the Complaint, "Atateks entered into a contract with [Defendant] Private Label for the sale to Private Label of certain women's apparel to be manufactured by Atateks." (Complaint ¶ 7.) "The contract provided for the periodic shipment of goods from Atateks to Private Label and the periodic payment for such goods by Private Label." (Complaint ¶ 8.)

Also according to the Complaint, in or around November 2006, Defendant Private Label "paid one installment, but otherwise failed to make full payment for the goods received and accepted without objection", and since November 2006, Defendant "Private Label has failed to honor its obligations under the contract on numerous occasions, despite Atateks's extension of multiple credit lines, flexibility with respect to payments and accommodations with respect to collateral and scheduling." (Complaint ¶¶ 9-10.) The Complaint asserts that Defendant "Private Label has defaulted on its payment obligations under the contract with Atateks" and Defendant "Private Label has failed to honor its payment obligations" and that Defendant Private Label and Defendant Second Skin "remain indebted to Atateks in the amount of $2,328,693.00." (Complaint ¶¶ 11-12.)

Based on these allegations, for a first cause of action for breach of contract, the Complaint asserts that Defendant "Private Label has breached its contract with Atateks by failing to pay the agreed upon price for women's apparel supplied by Atateks" and that "[a]s a result of the breaches, Atateks has been damaged in the amount of $2,328,693.00, together with interest and the costs of collection and related amounts, for which [Defendant] Private Label and [Defendant] Second Skin are liable to Atateks." (Complaint ¶¶ 13-14.) For a second cause of action for account stated, the Complaint also alleges that [i]n accordance with the parties' contract terms, "Atateks from time to time issued invoices to Private Label reflecting amounts due and accrued on the fabrication of

-3-

women's apparel contracted by [Defendant] Private Label," that the invoices were received, accepted and retained without objection by [Defendant] Private Label, which made partial but not full payment," and that "[a]s a result, an account stated between plaintiffs and [Defendant] Private Label which has a balance of $2,328,693.00, together with interest and the costs of collection and related amounts, owing to plaintiffs." (Complaint ¶¶ 15-16.)

### ARGUMENT:

### THE MOTION TO DISMISS DEFENDANT SECOND SKIN FROM THE COMPLAINT SHOULD BE GRANTED

Before the Court is Defendant Second Skin's motion to be dismissed from the action for failure to state a claim against it. The motion should be granted for the following reasons.

As noted above, when resolving a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in favor of the non-moving party. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996); *Press v. Quick & O'Reilly, Inc.*, 218 F.3d 121, 128 (2d Cir. 2000). In this case, however, even after accepting the factual allegations contained in the Complaint as true and drawing all reasonable inferences in favor of the non-moving party, the Complaint fails to state a claim as against Defendant Second Skin.

In order to set forth a cause of action for a breach of contract sufficient to withstand a defendant's challenge upon motion to dismiss, a plaintiff must plead (1) a valid contract between the parties, (2) performance by the plaintiff, (3) the defendant's failure to perform, and (4) damages. *Furia v Furia*, 116 A.D.2d 694, 695, 498 N.Y.S.2d 12, 13 (2nd Dept 1986). An account stated claim requires that there be pleading of an account created and the failure to pay according to the terms of the account. E. Farnsworth, *Contracts* (4th ed.), ¶ 4.24, pp. 279-280 (2004).

-4-

Here, the critical allegations of the Complaint are framed as to Defendant Private Label only: (i) the contract is between "Atateks" and Defendant "Private Label" (Complaint ¶¶ 7-8); (ii) Defendant "Private Label" is alleged to have failed to pay for goods and failed to honor its payment obligations (Complaint ¶¶ 9-10); (iii) the breach of contract cause of action is alleged to have been committed by Defendant "Private Label" (Complaint ¶¶ 13-14); and (iv) the account stated claim is framed in terms of the failure to pay by Defendant "Private Label" (Complaint ¶¶ 15-16). In short, the necessary allegations for a breach of contract claim and an account stated claim relate only to Defendant Private Label. Consequently, no claim is stated as against Defendant Second Skin.

There are only three points where Defendant Second Skin comes up in the Complaint, but these brief references do not establish in the Complaint any basis for Defendant Second Skin being held liable for the breach of contract and account stated claims.

*First*, Defendant "Private Label" is said to do business under the name of Second Skin LLC (Complaint ¶ 3); however: (i) Defendant Second Skin is defined as a separate corporation and not as a trade name; (ii) the breach of contract and account stated claims are stated only as Defendant Private Label having breached the contract and failed to pay on the account stated; and (iii) nowhere in the Complaint is it alleged that what Defendant "Private Label" did in breaching the alleged contract and failing t pay on the account stated was done under the name of Defendant Second Skin.

*Second*, the contracted for goods were alleged to be in the possession of Defendant "Private Label" or Defendant Second Skin or someone else (Complaint ¶ 9); however, nothing is alleged in the Complaint that would tie such possible possession to Defendant Second Skin's liability for breach of contract and account stated.

-5-

*Third*, Defendant "Private Label" and Defendant Second Skin are said to be indebted to Plaintiffs (Complaint ¶ 12); however, nowhere in the Complaint is there a clue as to how Defendant Second Skin could be so indebted.

In short, the Complaint fails to state a claim as against Defendant Second Skin.

## CONCLUSION

For the reasons stated above, the Court should grant this motion to dismiss Defendant Second Skin from the action and award such further and other relief as deemed just and proper.

Dated:     **New York, New York**
           **September 21, 2007**     NESENOFF & MILTENBERG, LLP
                                      **Attorneys for Defendant Second Skin, LLC**

                                      By:   _/s/_ Philip A. Byler, Esq.____
                                            Philip A. Byler, Esq.

                                      **363 Seventh Avenue - Fifth Floor**
                                      **New York, New York 10001**
                                      **212.736.4500**