**LAW OFFICES OF ERIC J. GRANNIS**
Rockefeller Center • 620 Fifth Avenue • New York, New York 10020
Phone: (212) 903-1025 • Fax: (212) 208-4597 • www.grannislaw.com

**Eric J. Grannis**
Phone: (212) 903-1025
Fax: (212) 208-4597
egrannis@grannislaw.com

April 4, 2007

BY ECF AND OVERNIGHT DELIVERY

Honorable Harold Baer
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Atateks Foreign Trade Ltd. v. Private Label Sourcing, LLC (07 Civ. 6665)

Your Honor:

I have been retained as substitute counsel to represent the Plaintiffs (collectively, "Atateks") in the above-referenced action. I write to make several requests which relate principally to scheduling. I should note that I have been in discussions with opposing counsel for a week regarding these matters. Every point that could be resolved by agreement has been.

**I.      Substitution of Counsel**

I enclose a stipulation and order of substitution which I respectfully request that Your Honor sign. My substitution will cause no delay. I am fully up to speed already on this case. Although I am requesting an extension of time to complete discovery, it does not arise from my substitution as counsel but rather simply from the necessity to complete discovery. To date, Defendants have not responded to Plaintiffs' document demands nor propounded their own and no depositions have been taken by any party.

**II.     Extension of Time to Complete Discovery.**

The deadline to complete discovery passed on March 15, 2008. I ask that the Court modify the scheduling order in this case as follows:

Completion of discovery: July 28, 2008

Briefing of motions to be completed: September 12, 2008

Joint Pre-Trial Order to be submitted: November 12, 2008.

Defendant Private Label Sourcing, LLC agrees to and joins in this request for an extension. However, the other Defendant, Second Skin, LLC, although represented by the same counsel, does not consent to an extension for the reasons discussed in the following section.

Honorable Harold Baer　　　　　　　　　　2　　　　　　　　　　　　　　　April 4, 2008

### III.　Filing of Amended Complaint Against Second Skin.

I request permission to file the enclosed amended complaint against Second Skin. Second Skin opposes the filing of this amended complaint and contends that the claims against it are subject to dismissal. Second Skin moved to dismiss the complaint on September 21, 2007. No response has been made to that motion. The reason is that there was an agreement between the parties that Plaintiffs could refrain from submitting an amended complaint while settlement discussions were ongoing.

This agreement was reflected in several emails. Turner Smith, prior counsel to Plaintiffs, wrote an email to Andrew Miltenberg on October 9, 2007 stating as follows:

> I would like to confirm the discussion we began in Judge Baer's chambers regarding the pending motion to dismiss. Atateks intends to amend the complaint to allege additional details with respect to Second Skin and its liability under the causes of action pleaded in the complaint. We have so advised the Court. You and I agreed that the amendment and any additional motion practice would be put on hold to allow a renewed effort to settle.

Email from Turner Smith to Andrew Miltenberg, dated October 9, 2007.

This agreement stayed in place while the parties pursued settlement discussions. The parties were optimistic, particularly when Plaintiffs said that they found acceptable a settlement offer that had been previously put on the table by Defendants. On February 19, 2008, in the course of those discussions, Mr. Miltenberg's colleague Phil Byler acknowledged the agreement concerning amending the complaint:

> By the way, while I hope this question is academic, what ever happened to that Amended Complaint I understood that you were going to do in response to the September 2007 motion to dismiss Second Skin, LLC? There has been no opposition to the September 2007 motion to dismiss Second Skin, LLC, but there has been no Amended Complaint either. There has to be one or the other before any discovery *if we don't settle*.

Email from Phil Byler to Turner Smith dated February 19, 2008 (emphasis added).

Mr. Smith responded that if necessary he would amend, as he had advised Your Honor he would, but that it appeared unnecessary:

> At the conference with Judge Baer, I told Andrew that we could easily tie in Second Skin based on the transaction records that had Second Skin receiving product and dollar credits for Private Label business . . .　We agreed to suspend the motion, because an amended complaint would supersede the original pleading and obviate the motion. We then agreed to try to settle the case in lieu of more time and money on pleading and discovery. The first meeting did not succeed. We have now offered what Andrew said his client was demanding. We are looking to confirm the agreement and put the settlement documents to bed.

Email from Turner Smith to Phil Byler dated February 19, 2008.

Thus, it appeared to all of the parties that the amendment of the complaint would become – in the words of opposing counsel – "academic." Settlement discussions continued,

Honorable Harold Baer                                3                                April 4, 2008

with Mr. Miltenberg stating on March 3 that his client "remains interested in an amicable resolution." Email from Andrew Miltenberg to Turner Smith, dated March 3, 2008.  However, those settlement discussions have not succeeded – at least thus far – and so my clients have reluctantly come to conclude that they have no choice but to litigate this matter in earnest.  That is what I have been retained to do and what I intend to do as expeditiously as the Federal Rules and this Court will allow, beginning with the enclosed amended complaint.

   Thus, the written record confirms that the parties had an agreement suspending Plaintiffs' obligation to amend their Complaint.  However, it is Mr. Miltenberg's position that, although the agreement concededly existed, it was not "open ended" but rather was subject to cancellation by Mr. Miltenberg at any time and without notice whereupon my clients' claims would immediately be subject to dismissal without a single opportunity to replead.  The unfairness and unreasonableness of this position is, I hope, apparent.

   Keeping Second Skin in this case is crucial.  Plaintiffs are quite concerned that any judgment we might obtain against Private Label will be unenforceable (at least without resort to following the transfers of money out of that entity).  Moreover, for two reasons, we believe that Second Skin took over the business with Atateks from Private Label.  Beginning in 2005, Christine Dent, one of the two owners of Private Label and the sole owner of Second Skin, asked that Atateks make certain payments not to Private Label but to Second Skin.  Second, Ms. Dent submitted an affidavit in a California action in which another manufacturer of goods that alleges it was not paid by Private Label has also sued Second Skin, as well as Ms. Dent personally.  In this affidavit, Ms. Dent stated that Second Skin "was formed to work with international manufacturers in Turkey specializing in seamless apparel."  Declaration of Christine Dent in Support of Motion to Dismiss, dated March 11, 2008, at ¶ 7.  Since Plaintiffs are Turkish manufacturers of seamless apparel, this is obviously a reference to them.  Accordingly, it appears that Second Skin effectively took over Private Label's business with Atateks and that it was Second Skin that in fact received the payments for the goods that Plaintiffs manufactured.  Put more simply, we believe that Second Skin has our money, which is why we want Second Skin in this case and Ms. Dent wants it out.

   That is the motivation and fundamental basis for amending the complaint in this action and I would respectfully request that Your Honor permit the amendment.

**IV.   Motion to Compel Second Skin to Answer Overdue Discovery.**

   Finally, I seek an order compelling Second Skin to respond by April 25 to Plaintiffs' document requests dated February 13, 2008. The responses are currently overdue.  The Defendants made no timely objection to the requests nor did they seek an extension of time; rather, they just ignored them.  Mr. Miltenberg has agreed that Private Label will respond by April 25, 2008.  He has declined, however, to agree to any date for Second Skin to respond because of its motion to dismiss.  I know of no grounds for Mr. Miltenberg's position.  A motion to dismiss does not automatically stay discovery nor has Your Honor been asked for or granted a stay of discovery.  I would therefore request that Your Honor order Second Skin to respond by April 25, 2005.  Since both Defendants are controlled by the same person and represented by the same counsel, I see no burden in requiring that they respond simultaneously to the document demands.

*   *   *

Honorable Harold Baer                      4                      April 4, 2008

      I would respectfully request that Your Honor grant the above requests. I should also note that although formal motion seemed unnecessary for these requests, I will of course undertake it if the Court deems it a more appropriate means of proceeding.

                                               Respectfully Submitted,

                                               Eric Grannis

Enclosures
Copy (by ecf w/encl.): Andrew T. Miltenberg, Esq.