UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ATATEKS FOREIGN TRADE LTD, JORDAN
AND ATATEKS DIS TICARET A.S.,            No. 07 Civ. 6665 (HB)
            Plaintiffs,

   -against-

PRIVATE LABEL SOURCING, LLC,
AND SECOND SKIN, LLC

            Defendants.
-----------------------------------------------------------------x

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant PRIVATE LABEL SOURCING, LLC and SECOND SKIN, LLC ("Defendants"), by its attorneys Nesenoff & Miltenberg, LLP, hereby respond and object to the First Request For Production of Documents ("Document Requests") of Plaintiffs Atateks Foreign Trade LTD, Jordan and Atateks Dis Ticaret A.S. ("Plaintiff's").

## GENERAL OBJECTIONS

The following General Objections apply to the Documents Requests as a whole, and each of the Responses herein is made subject to them:

1. In responding hereto, Defendants do not waive any objections based on relevance, materiality, competence, privilege, immunity from disclosure, admissibility, or any other grounds.

2. Defendants object to the Document Requests to the extent that they seek information from or regarding Second Skin, LLC. Defendant Second Skin, LLC, is not a proper party to this case. On September 21, 2007, a motion was made by Defendants to dismiss Second Skin, LLC from the case. No opposition to that motion to dismiss was ever filed, and no Amended Complaint was

ever filed.

3. Defendants object to the Document Requests to the extent they are vague, overly broad, unduly burdensome and oppressive.

4. Defendants object to the Documents Requests to the extent they seek information which is not relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of evidence admissible in this litigation.

5. Defendants object to the Document Requests to the extent they seek information and/or documents protected from disclosure by the attorney-client privilege, the work product privilege, and/or any other privilege recognized by law. To the extent privileged information and/or documents are provided by Defendant's, in whole or in part, such action by Defendant is without prejudice to and is not a waiver of any subsequent assertion of privilege by Defendants as to the documents produced or identified.

6. Defendants object to producing documents containing confidential business or proprietary information or trade secrets of Defendants.

7. Defendants object to producing any documents called for by the Document Requests that have already been produced by Defendants or are already in Plaintiffs' possession.

8. Defendants object to producing documents maintained in public files and are available to Plaintiffs.

9. Defendants object to the Document Requests to the extent they fail to describe with reasonable particularity the documents sought in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

10. Defendants object to Plaintiffs' Document Requests to the extent that such Requests seek

˅3˅

to impose burdens and obligations upon Defendants beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

11. Defendants reserve the right to amend and/or supplement their responses when and if additional requested information becomes known to them. Defendant's further reserves the right to assert any applicable objections to the disclosure of any such additional information.

12. Each of these General Objections are incorporated into each of the specific Responses below as if fully set forth therein.

## RESPONSES AND SPECIFIC OBJECTIONS

### DOCUMENT REQUEST NO. 1:

All documents relating to the shipment of goods from plaintiff's to Private Label and the periodic payment for such good by Private Label.

### Response to Request No. 1:

Subject to the General Objections, Defendants have produced or will produce documents in their possession, custody or control responsive to this Request.

### DOCUMENT REQUEST NO. 2:

All documents relating to the shipment of goods from plaintiff's to Second Skin and the periodic payment for such goods by Second Skin.

### Response to Request No. 2:

In addition to the General Objections stated above, Defendants object because Second Skin, LLC is not a proper party to this case. On September 21, 2007, a motion was made by Defendants to dismiss Second Skin, LLC from the case. No opposition to that motion to dismiss was ever filed, and no Amended Complaint was ever filed.

-4-

## DOCUMENT REQUEST NO. 3

All communications with Target Corporation regarding goods manufactured by plaintiffs or their representatives.

### Response to Request No. 3:

Subject to the General Objections, Defendants have produced or will produce documents in their possession, custody or control responsive to this Request.

## DOCUMENT REQUEST NO. 4:

All documents relating to Bruce Allen.

### Response to Request No. 4:

In addition to the General Objections stated above, Defendants objects as the requested documents are irrelevant to the issues in this case and will not lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 5:

All documents relating to checks presented by defendants as security or counter-guarantee for goods shipped by plaintiffs on account.

### Response to Request No. 5:

Subject to the General Objections, Defendants have produced or will produce documents in their possession, custody or control responsive to this Request. To the extent documents are called for relating to Second Skin, LLC, Defendants object because Second Skin, LLC, is not a proper party to this case. On September 21, 2007 a motion was made by Defendants to dismiss Second Skin, LLC, from the case. No Opposition to that motion to dismiss was ever filed, and no Amended Complaint was ever filed.

## DOCUMENT REQUEST NO. 6:

All documents relating to the disputes over late deliveries, cancelled orders, defective goods and returned merchandise asserted by Private Label to have occurred at paragraph 25 to the Answer & Counterclaim of Private Label dated September 21, 2007.

### Response to Request No. 6:

Subject to the General Objections, Defendants have produced or will produce documents in

˘5˘

their possession, custody or control responsive to this Request.

**DOCUMENT REQUEST NO. 7:**

All documents that relate to the nature, quantum and scope of Private Label's damages asserted at paragraph 26 of its counterclaims.

**Response to Request No. 7:**

Subject to the General Objections, Defendants have produced or will produce documents in their possession, custody or control responsive to this Request.

DEFENDANTS RESERVE THE RIGHT TO SUPPLEMENT ITS PRODUCTION OF DOCUMENTS ACCOMPANYING THIS RESPONSE.


Dated:  New York, New York
        April 18, 2008

                                        NESENOFF & MILTENBERG, LLP

                                        By: _____
                                            Laine A. Armstrong

                                        Attorneys for Defendants
                                        363 Seventh Avenue - 5th Floor
                                        New York, New York 10001
                                        212.736.4500

TO: Eric J. Grannis, Esq.
    Law Offices of Eric J. Grannis
    620 Fifth Avenue
    New York, New York 10020
    212.903.1025