# NESENOFF & MILTENBERG, LLP

ATTORNEYS AT LAW
363 SEVENTH AVENUE
FIFTH FLOOR
NEW YORK, NEW YORK 10001-3904

TELEPHONE (212) 736-4500
TELECOPIER (212) 736-2260

IRA S. NESENOFF
ANDREW T. MILTENBERG

PHILIP A. BYLER
ALAN M. SHECTMAN
SHARI S. LASKOWITZ
LAINE A. ARMSTRONG
MEGAN S. GODDARD
ANDREW B. PLOTKIN

PARALEGAL

TANYA C. SIMMONS

APR 21 2008

HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/08

April 18, 2008

**BY UPS OVERNIGHT MAIL**
The Honorable Harold Baer
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street - Room 2230
New York, New York 10007

Re:  *Atateks Foreign Trade Ltd, et. al. v. Private Label Sourcing, LLC, et. al.*
Index No. 07 Civ. 6665 (S.D.N.Y.)(HB)

**Dear Judge Baer:**

We are the attorneys for the defendant Private Label Sourcing, LLC ("PLSL"), and the defendant Second Skin, LLC "(Second Skin") (collectively "Defendants") in the above-referenced action. We write to you in response to the letter dated April 4, 2008 (the "April 4th Letter"), from the Law Offices of Eric J Grannis counsel for Plaintiffs in this action.

### I.  No Objection To Substitution of Counsel.

Defendants do not object to substitution of the Law Offices of Eric J. Grannis as counsel for Plaintiffs, as requested in the April 4th Letter and So Ordered by Your Honor on April 7, 2008.

### II.  Objection To Plaintiffs' Proposed Extension of Time to Complete Discovery.

As Mr. Grannis notes in the April 4th Letter, the deadline for discovery in this matter passed on March 15, 2008, and proposed a new schedule. Defendants do NOT consent. For reasons stated below, Second Skin does not consent to any change. PLSL proposes to the following schedule so the case can be tried in August against PLSL on the original Complaint:

| | |
|---|---|
| Completion of discovery: | May 23, 2008 |
| Briefing of motions to be completed: | June 12, 2008 ( not include the Motion to Dismiss by Second Skin) |
| Joint Pre-Trial Order to be submitted: | July 30, 2008 |

NESENOFF & MILTENBERG, LLP

Hon. Harold A. Baer
April 18, 2008
Page 2

In earlier conversations with Mr. Grannis, we for PLSL had entertained Mr. Grannis's proposed schedule; however, such agreement would soon turn out not to be possible. We were talking with Mr. Grannis based on the stated assumption that the action would only proceed against PLSL on the original Complaint; however, Mr. Grannis then came forward with a proposed Amended Complaint that would unfairly substantially alter the nature and scope of this case and that would retain Second Skin in the case based on never before propounded theories. Also, your Honor made it clear that you wish to have the case tried in August. Under these circumstances, what Mr. Grannis has proposed in his April 4, 2008 Letter is simply unacceptable and not workable. What modification that we are willing to do is stated above so the case can be tried in August against PLSL on the original Complaint only.

### III.   Objection To Filing of Amended Complaint To Add Claims Against Second Skin.

Plaintiffs seek permission to file a proposed Amended Complaint in order to add several claims against Second Skin. For the reasons set forth in this section, Defendants strenuously oppose Plaintiffs' request. What settlement talks there were did not justify the delay in the case so as to justify filing now the proposed Amended Complaint, and Plaintiff's proposed Amended Complaint unfairly seeks to alter the nature and scope of this action.

#### A.   Settlement Talks Ceased In November 2007.

Plaintiffs filed the Complaint in this case on July 24, 2007. Thereafter, on or about September 21, 2008, Second Skin moved to dismiss the Complaint insofar as asserted against it for failure to state a claim. At an October 4, 2007, conference before Your Honor (the "October 4th Conference"), Plaintiffs represented that, per Your Honor's individual rule, they intended to amend the Complaint to properly state a cause of action against Second Skin in lieu of opposing the Motion to Dismiss.

Thereafter, Plaintiffs and Defendants "agreed that the amendment and any additional motion practice would be put on hold to allow a renewed effort to settle" (Email from Turner Smith to Andrew Miltenberg dated October 9, 2007).

It is true that last October 2007, the parties agreed to stay filing of an Amended Complaint while they were engaged in settlement discussions. This agreement, however, was not in force indefinitely. It is not and was not a matter that the parties' agreement to put the Amended Complaint on hold was subject to cancellation by us at any time and without notice to Plaintiffs. Rather, as Mr. Grannis states in the April 4th Letter, "the parties agreed that Plaintiffs could refrain from submitting an amended complaint while settlement discussions were ongoing" (emphasis added).

Furthermore, contrary to Mr. Grannis's representation in the April 4th Letter, the parties have not been engaged in ongoing settlement discussions since October 2007. Although the parties did discuss settlement after the October 4th Conference, they were unable to reach an agreement. Defendants' made an offer that Plaintiffs rejected, and Plaintiffs made a counteroffer that Defendants rejected. As of on or about November 27, 2007, all settlement discussions between the parties ceased. Plaintiffs were thereafter required to file an amended Complaint had they chosen to do so. They did not, nor did Plaintiffs oppose the Motion to Dismiss.

In fact, after November 2007 Defendants' counsel did not hear from Plaintiffs' counsel again for over two months. On or about January 30, 2008, Plaintiffs' counsel contacted me and offered to accept Defendants' original offer of settlement, an offer that Plaintiffs had already rejected in

NESENOFF & MILTENBERG, LLP

Hon. Harold A. Baer
April 18, 2008
Page 3

October 2007, and an offer that Defendants' never renewed after it was rejected. That offer was no longer on the table, and Defendants said no.

The statement of Andrew T. Miltenberg of this firm to Plaintiffs' counsel on March 3, 2008, that Defendants remain interested in an amicable settlement in no way demonstrates that the discussions from 2007 were ongoing or even that they were revived. As stated above, Defendants did not renew their offer from October 2007. Mr. Miltenberg merely wanted to let Plaintiffs' counsel know that we had not cut off all possibility of settlement.

Considering the foregoing, Plaintiffs' request to file an Amended Complaint at this stage is simply not justified, as Plaintiffs should not be permitted to allow this case to lie dormant for months, and then be permitted to amend the Complaint upon their whim as if no time has passed.

### B. Plaintiffs Seek To Increase Substantially The Nature And Scope Of This Action.

The Complaint sets for a simple breach of contract and account stated case against the Defendants, seeking damages based on PLSL's alleged failure to pay for good delivered by Plaintiffs as required by its a contract between the parties (the "PLSL Contract"). Second Skin was named as a defendant based on the unsupported allegation that PLSL did business under the name Second Skin. In fact, Second Skin, LLC is an independent business entity that engages in business other than that of PLSL. Therefore, Defendants moved to dismiss the Complaint insofar as asserted against Second Skin.

Upon Second Skin's Motion to Dismiss, Plaintiffs' counsel indicated that Plaintiffs planned to amend the Complaint, and represented that, through an amended complaint, he "could easily tie in Second Skin based on transaction records that had Second Skin receiving product and dollar credits for Private Label business" (Email from Turner Smith to Phil Byler dated February 19, 2008). Plaintiffs, however, had no basis for their claims that Second Skin received goods and payments that were due under the PLSL Contract, or that Second Skin took the business from PLSL. *First*, as to Plaintiffs' claim that Atateks was asked to make certain payment to Second Skin, the Plaintiffs are well aware that these payments were not for goods shipped pursuant to the PLSL contract. These payments were for commission earned by Christine Dente, and were thus paid to Second Skin, her individual company, and not to PLSL, which has multiple owners. *Second*, Christine Dente's statement that Second Skin "was formed to work with individual manufacturers in Turkey specializing in seamless apparel" is not an admission that Second Skin took over the PLSL contract. Second Skin was formed to receive the above-mentioned commissions due to Christine Dente from Atateks, which were not a part of the PLSL Contracts.

Not surprisingly, it appears that Plaintiffs were unable to "tie in" Second Skin as easily as they had indicated, and Plaintiffs are now requesting permission to entirely change the nature and scope of the case. They are attempting to take a simple breach of contract case and, at this late date, transform it into a complex case adding claims for fraudulent transfer, successor liability, and equitable relief. a review of the proposed Amended Complaint reveals that Plaintiffs have failed to set forth allegations sufficient to support their claims and have offered no more than conclusory allegations to support these claims. Plaintiffs should not be permitted to amend the Complaint as proposed.

NESENOFF & MILTENBERG, LLP

Hon. Harold A. Baer
April 18, 2008
Page 4

### IV. Objection To Motion To Compel Second Skin To Answer Allegedly Overdue Discovery.

Plaintiffs seek an order compelling Second Skin to respond by April 25, 2008 to Plaintiff's document requests dated February 13, 2008. Defendants object to this request.

At the Conference with Your Honor on October 4, 2007, Plaintiffs acknowledged that the Complaint was insufficient to state a cause of action against Second Skin, LLC, and therefore, upon Second Skin's Motion to Dismiss the Complaint as asserted against it, Plaintiffs represented that they intended to amend the Complaint to cure the deficiencies. They did not amend the Complaint, nor did they oppose the motion to dismiss. When Plaintiffs' counsel subsequently contacted Second Skin's counsel in February 2008, counsel for Second Skin reminded him that Plaintiffs had not opposed the motion to dismiss, nor had they amended the Complaint and that "[t]here ha[d] to be one or the other before any discovery" (Email from Philip Byler to Turner Smith dated February 19, 2008).

Plaintiffs now claim that Second Skin's responses to Plaintiffs' are overdue, and Second Skin must respond to their discovery demand by April 25, 2008. Defendants, however, withheld discovery responses on the basis that Plaintiffs' discovery requests were premised on either that the original Complaint was in full force and effect (which it was not because of the Motion To Dismiss that had been made and never answered) or an Amended Complaint had been served (which one never had been). Mr. Grannis's position that Second Skin must respond to discovery when Plaintiffs have acknowledged that there is no cognizable complaint pending against Second Skin, LLC is groundless and wholly unreasonable.

Thank you for your consideration.

Respectfully submitted,
NESENOFF & MILTENBERG, LLP.

By: _____
Philip A. Byler, Esq.
Laine A. Armstrong, Esq.

1. So far as I can tell you have had at least 1 adjournment (and maybe more) of the PTSO.
2. The hiatus i.e., the months where you did 0 suggest inattention.
3. Inattention is not rewarded by more time to do what should and could have been done earlier on.
4. The case will be tried in August, discovery will be concluded on May 23 or by the last day for motions but this extension of the discovery deadline will not extend the motion date.
5. If your amended complaint gives your adversary adequate time that's fine with me and I will accept the amended complaint which I presume was served by you.
6. You are to send me a proposed schedule of discovery that you agree or can't agree on and I will help, no later than April 30, 2008.

SO ORDERED
Harold Baer
USDJ