ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATATEKS FOREIGN TRADE LTD, JORDAN and ATATEKS DIS TICARET A.S.,

Plaintiffs,

- against -

PRIVATE LABEL SOURCING, LLC and SECOND SKIN, LLC,

Defendants.

No. 07 Civ. 6665 (HB)

**STIPULATED PROTECTIVE ORDER**

It is hereby stipulated and agreed among the parties, and **IT IS HEREBY ORDERED** by the Court, that the following procedures shall govern the production of confidential documents, testimony, interrogatory answers, and other information in the actions captioned above:

**Definitions**

1. The following definitions shall apply to this Stipulated Protective Order ("Stipulated Protective Order"):

a. "Action" shall refer to the above-captioned case pending in the United States District Court for the Southern District of New York and any appeal of such action through final judgment as to all parties.

b. The term "Discovery Material" encompasses, but it is not limited to: any type of document, transcripts of testimony, any taped, recorded, filmed, electronic, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all

interrogatories, document requests, and requests for admission, including all responses thereto; any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form.

c. "Confidential Information" shall mean Discovery Material which a party (i) takes reasonable precautions to maintain the confidentiality of the material, and (ii) in good faith believes constitutes confidential information in accordance with Fed. R. Civ. P. 26(c)(7) in that it is used by it in, or pertains to, trade secrets, financial information, personal privilege or other personal information, or in that it is information not generally known and which that party would normally not reveal to third parties, or if disclosed, would require such third parties to maintain it in confidence. "Confidential Information" shall not include documents or information that (i) is at any time independently developed without use of or reliance upon any of the producing party's Designated Discovery Material; (ii) is rightfully acquired from an independent source, without restrictions as to use or obligations as to confidence; (iii) was, prior to disclosure, rightfully in the possession or knowledge of the requesting party; (iv) is publicly available in substantially the same form in which it was provided by the producing party claiming confidentiality; (v) is required by law to be made available to third parties; (vi) was, is or becomes public knowledge, not in violation of this Stipulated Protective Order; or (vii) is voluntarily de-designated by the party producing the Discovery Material.

d. "Highly Confidential Information" shall mean Confidential Information that a party in good faith believes is of sufficient sensitivity to be treated as Highly Confidential information and is marked as such.

e. "Confidential Legend" shall mean a stamp or similar insignia stating "Confidential" or "Highly Confidential."

f. "Designated Discovery Material" shall mean Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to this Stipulated Protective Order as well as the contents of such Discovery Material.

**Applicability**

2. This Stipulated Protective Order shall govern any Discovery Matcrial produced by any party currently named or later joined in the Action, including, in the casc of parties other than individuals, their officers, directors, employees, and agents.

3. This Stipulated Protective Order shall be fully applicable to material produced by or depositions taken of third parties and non parties, and any third party or non party from whom discovery is sought shall be entitled to designate material and testimony produced as Confidential Information or Highly Confidential Information pursuant to the terms of this Stipulated Protective Order. Accordingly, the term "party" in this Stipulated Protective Order shall be construed to include non-parties who have produced material and testimony whenever such construction is necessary to extend to such non-parties the same rights as parties to protect the confidentiality of materials or testimony they produce.

**Designation of Material**

4. Parties may designate any Discovery Material as Confidential Information in accordance with paragraph 1(c) herein, by applying to it the legend "Confidential" or "Highly Confidential." The legend shall be affixed in such a manner that the written material is not obliterated or obscured. Any Discovery Material so designated shall thereafter bc treated pursuant to the appropriate provisions of this Stipulated Protective Order. In the case of data stored in electronic form, the "Confidential" or "Highly Confidential" legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is

stored. A party making Discovery Material available for inspection, however, shall not have to apply a "Confidential" or "Highly Confidential" legend to those materials until such time as a party requests copies, if that ever occurs. During the period when Discovery Material is made available for inspection but not designated, it shall be treated as "Confidential."

5. With respect to testimony or deposition transcripts, the producing party shall have twenty-one (21) days from the date upon which the testimony is given to designate said testimony or any portion thereof as "Confidential Information" or "Highly Confidential Information" within the meaning of this Stipulated Protective Order. In the event that a party intends to use portions or excerpts of transcripts prior to the expiration of the 21 day period, such party shall give counsel for the deponent 48 hours to designate said testimony or any portion thereof as "Confidential Information" or "Highly Confidential Information" within the meaning of this Stipulated Protective Order.

6. In the event that a producing party inadvertently fails to designate material as "Confidential" or "Highly Confidential" or designates material at a lower level of confidentiality pursuant to this Stipulated Protective Order at the time of the production, the party shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable. The producing party, at their cost, shall also provide substitute copies of each item of Discovery Material, appropriately designated, to all parties who previously received the misdesignated material. Those individuals who received the Discovery Material prior to notice of the misdesignation by the producing party shall within ten (10) business days of receipt of the substitute copies, destroy or return to the producing party all copies of such misdesignated documents. Those individuals who reviewed the misdesignated Discovery Material prior to notice of the misdesignation by the producing party shall abide by the provisions of this Stipulated Protective Order at the corrected level of designation with respect to the use and

disclosure of any information contained in the misdesignated Discovery Material after receipt of the notice of misdesignation.

7. In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; provided, however, if any person subject to this Stipulated Protective Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

**Disclosure and Use of Designated Discovery Material**

8. Designated Discovery Material shall be treated in accordance with the terms of this Stipulated Protective Order and is not to be communicated in any manner, directly or indirectly, to anyone other than the person qualified to receive such material under the terms and conditions set forth below.

9. Any Designated Discovery Material, and the information contained in such material (including extracts and summaries derived from such material), shall be used solely for prosecuting and defending the Action and shall not be used for any other purpose or be revealed to parties or counsel in any action other than the Action, unless the Court otherwise directs or the producing party otherwise agrees.

10. Discovery Material designated as "Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons identified in the documents or through testimony as already having seen or received such "Confidential" material (excluding persons whose prior access to such Confidential material was known by the

disclosing party to be unauthorized) and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Action:

a. The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom;

b. Counsel for the parties in the Action, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Action;

c. Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the Action, provided that the requirements of Paragraph 12 below have been met;

d. Any party currently named or later joined in the Action, including, in the case of parties other than individuals, their officers, directors, employees, and agents, solely for the purpose of the prosecution, defense, and/or appeal of the Action;

e. Any person who will testify as a witness either at a deposition or a court proceeding in the Action for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 12 have been met;

f. Any Court-appointed mediator or other individual acting pursuant to Court appointment; and

g. Other persons upon further order of the Court or written consent of the producing party.

11. Except with the prior consent of the producing party or upon prior order of this Court, Discovery Material designated as "Highly Confidential" shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons identified in the documents or through testimony as already having seen or received such "Highly Confidential" material (excluding persons whose prior access to such Highly Confidential material was known

by the disclosing party to be unauthorized) and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Actions:

a. The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom;

b. Counsel for the parties in the Action, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Action;

c. Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of the Action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of the Action, provided that the requirements of Paragraph 12 below have been met;

d. Any person who will testify as a witness either at a deposition or a court proceeding in the Action for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 12 have been met;

e. Any Court-appointed mediator or other individual acting pursuant to Court appointment; and

f. Other persons upon further order of the Court or written consent of the producing party.

12. The undersigned attorneys, as well as their clients, colleagues and any other personnel of their law firm or litigation support services assisting them in this Action, agrees to be bound by the terms herein. Other than disclosure of Confidential material and/or Highly Confidential material at a deposition, hearing, or trial, persons described in subparagraphs 10c, e, and g and 11c, d and f above, prior to being given access to any Designated Discovery Material, must be provided a copy of this Stipulated Protective Order and sign the Acknowledgement attached as Exhibit A hereto agreeing to be bound by the terms of the Stipulated Protective Order

and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Stipulated Protective Order. The Party providing the individual with Designated Discovery Material shall retain copies of all executed Acknowledgements. Said Acknowledgements will only be provided to the producing party as may be ordered by the Court. As parties to the Action agree to be bound by the terms of the Stipulated Protective Order, they are not required to sign an Acknowledgement in order to receive Designated Discovery Material. Persons who receive Designated Discovery Material at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to paragraphs 10 and 11 above and who have not signed an Acknowledgement, may be shown and questioned about the Designated Discovery Material during the deposition, hearing, or trial but will not be entitled to take possession of the Designated Discovery Material that was disclosed.

13. If a party desires to file Designated Discovery Material in Court, whether separately or with or as part of pleadings or other court papers, the party shall file the Designated Discovery Material under seal if the producing party's consent, which shall not be unreasonably withheld, to the public filing of the materials has not been obtained. The Designated Discovery Material shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the caption of this lawsuit; the title of the court paper or a brief description of the enclosed material; and the legend "Confidential" or "Highly Confidential."

14. If or when Designated Discovery Material is ever used during any deposition, hearing or other proceeding, other than at trial, counsel for the parties shall take appropriate steps to preserve the confidential substance of the Designated Discovery Material, unless otherwise required by Court order.

15. If a subpoena issued outside of this Action calls or arguably calls for the production by the recipient of the subpoena ("Recipient") of Designated Discovery Material produced to Recipient by any other person in this Action, then the Recipient shall:

a. be obligated, within three business days of the Recipient's receipt of the subpoena, to provide notice of the subpoena, as well as a copy of same, to the party who or which produced the Designated Discovery Material to the Recipient; and

b. the Recipient shall be permitted to respond in a timely manner to such subpoena without violation of this Stipulated Protective Order if the foregoing notice is timely given and, within the period provided for response to such subpoena, the producing party has neither moved to intervene to seek a court order preventing disclosure of the Designated Discovery Material nor made other arrangements with the person or entity issuing the subpoena. If the producing party has moved to intervene to seek a court order preventing disclosure of the Designated Discovery Material, the Recipient will not disclose the Designated Discovery Material until such motion is adjudicated.

16. Except as agreed in writing by all parties to this Agreement or by order of the Court, persons having knowledge of another producing party's Designated Discovery Material by virtue of their participation in the conduct of this Action shall use that Designated Discovery Material only in connection with the prosecution, defense or appeal of the Action, and shall neither use such Designated Discovery Material for any other purpose nor disclose such Designated Discovery Material to any person who is not permitted access to such Designated Discovery Material by this Stipulated Protective Order.

17. The restrictions against disclosure set forth in this Stipulated Protective Order shall not apply to any producing party's use of its own Designated Discovery Material.

18. If Designated Discovery Material is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the requesting party or any other party responsible for this disclosure shall immediately: (1) provide written notice to the producing party; (2) make every effort to retrieve such material; and (3) prevent further disclosure by the person who was the recipient of such Designated Discovery Material. The written notice required by subparagraph (1) above shall include the names of all persons who improperly received Designated Discovery Material and a description of the Designated Discovery Material disclosed to such persons.

**Objection to Confidential Information**

19. At any time, a party may challenge a designation of material as "Confidential" or "Highly Confidential," or may object to the treatment of any information as deserving "Highly Confidential" treatment. In the event of such a challenge, the contesting party will have the burden of making an appropriate motion to the Court and obtaining a hearing upon such motion. At such hearing, the party producing the Designated Discovery Material shall have the burden of establishing the need for such status. Pending such determination by the Court, material designated by the producing party as "Confidential" or "Highly Confidential" shall be treated in accordance with the producing party's designation pursuant to this Stipulated Protective Order.

**Relief From Terms of Stipulated Protective Order**

20. This Stipulated Protective Order is being entered without prejudice to the right of any party or other person to move the Court for relief separately, or to move the Court for modification of any of its terms on a going-forward basis.

21. The parties to this action anticipate utilizing one or more third party vendors for purposes of electronic production, storage, and maintenance of documents. In the event of an

unauthorized release of any privileged materials by any such vendor, the producing party shall be entitled to have any and all copies of such documents returned and/or destroyed at the producing party's option. Such unauthorized production of documents shall not constitute a waiver of the right to claim in the Action or thereafter that said documents are "Confidential" or "Highly Confidential" or subject to any valid claim of privilege or protection, including but not limited to, the attorney-client privilege and the work product doctrine. The party whose vendor produced the unauthorized material shall make a request for the return or destruction of the Designated Discovery Material in writing, accompanied by redacted substitute copies of each item of Designated Discovery Material if appropriate. Those individuals who received the Designated Discovery Material shall within three (3) business days of receipt of the substitute copies, destroy or return to the producing party all copies of such documents. No such items shall be copied, distributed or otherwise disseminated for review beyond those individuals who have already been given access to the Designated Discovery Material.

22. Nothing in this Stipulated Protective Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or any other applicable privilege.

23. Nothing in this Stipulated Protective Order shall prevent any party from using any Designated Discovery Material at the trial of this Action. A party intending to use another party's Designated Discovery Material at trial must provide three business days notice, so that the designating party may move the Court to preserve the confidentiality of such material.

**Return of Designated Discovery Material**

24. Upon final termination of this Action as to all defendants (whether by judgment, settlement, or otherwise), including all appeals and applications for discretionary review, the

undersigned law firms, at their election, shall, within sixty (60) days following written request of the producing party, either (i) return all Designated Discovery Material and all copies, extracts, and summaries of such Designated Discovery Material to the party producing it, or (ii) destroy, subject to applicable law, such Designated Discovery Material, including all copies, extracts, and summaries, and provide a letter certifying such destruction to the producing party. The parties shall request that all attachments or exhibits to pleadings designated under this Stipulated Protective Order and filed under seal with the Court shall be returned within sixty (60) days to the party producing it, or the Court may destroy such material. For archival purposes, the attorneys in the law firms representing the parties may retain all material constituting attorney work product and one copy of all pleadings, deposition and hearing transcripts, exhibits, and written discovery responses, including portions designated pursuant to this Stipulated Protective Order.

**Termination of Action**

25. The terms of this Stipulated Protective Order shall survive the termination of the Action, and the Court shall retain jurisdiction of the Action after its final disposition for the purpose of enforcing this Stipulated Protective Order.

SO ORDERED

Harold Baer, Jr., U.S.D.J.

Dated: ~~New York, New York~~ 5/6/08
May 2, 2008

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED:

Hon. Harold Baer, Jr., U.S.D.J.

Date: 5/6/08

| LAW OFFICES OF ERIC J. GRANNIS | NESENHOFF & MILTENBERG, LLP |
| --- | --- |
| By: Eric Grannis | By: Philip A. Byler, Esq. |
| Eric J. Grannis (EG-8403) | Philip A. Byler (PB 1234) |
| 620 Fifth Avenue | 363 Seventh Avenue, Fifth Floor |
| Rockefeller Center | New York, New York 10001 |
| New York, New York 10020 | (212) 736-4500 |
| (212) 903-1025 | Attorneys for Defendants |
| Attorneys for Plaintiffs | |

I never sign as a sole signature on a blank page – & you might [illegible] [illegible] [illegible] or [illegible] [illegible] just get it [illegible] – HB

Endorsement:

I never sign as a sole signature on a blank page and you might profit by not doing it again or you may just get it back.

**SO ORDERED**

Dated: ______________________, 2008

______________________________
United States District Judge