˅1˅

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ATATEKS FOREIGN TRADE LTD, JORDAN
and ATATEKS DIS TICARET A.S.,

               Plaintiffs,

-against-

PRIVATE LABEL SOURCING, LLC
and SECOND SKIN, LLC,

               Defendants.
-----------------------------------------------------------------------x

Index No. 07 Civ. 6665 (HB)

## LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS

DEFENDANTS PRIVATE LABEL SOURCING, LLC and SECOND SKIN, LLC, through their attorneys Nesenoff & Miltenberg LLP, submit this Statement of Undisputed Facts pursuant to Southern District of New York Local Rule 56.1:

1. Plaintiff Atateks Foreign Trade LTD, Jordan ("Plaintiff Atateks Jordan") is a manufacturer of women's apparel located in Amman, Jordan, and Plaintiff Atateks Dis Tiscaret A.S. ("Plaintiff Atateks Turkey") is a manufacturer of women's apparel located in Instanbul, Turkey (Byler Decl. Ex. C: Ihlan Dep. p. 7 ln 2-5, 16-19).

2. Defendant PLSL is a Delaware limited liability company that acts as a purchasing agent of women's apparel for Target Stores and other retail outlets. Defendant PLSL is owned in equal shares by Christine Dente and Jetwell Garments, LT, a Hong Kong company (Dente Decl. para. 2; Byler Decl. Ex. E: Dente Dep. 9).

3. Defendant PLSL was formed in 2001 by Bruce Allen and Christine Dente (Dente

˜2˜

Decl. para. 2 & Ex. 1; Byler Decl. Ex. E: Dente Dep. 7-8).

4. Defendant PLSL is still in business today, and the value of Defendant PLSL's assets is greater than the liability of its existing debts (Dente Decl. para. 9; Exhibit 6).

5. Defendant Second Skin is a New Jersey limited liability company that is registered to do business and has its principal place of business in New York (Dente Decl. para. 3 & Ex. 2). Defendant Second Skin was formed in 2005, by Christine Dente to market her consulting services, including to Atateks (Dente Decl. para. 3; Byler Decl. Ex. E: Dente Dep. 17).

6. Defendant Second Skin is owned in its entirety by Christine Dente (Dente Decl. para. 3; Byler Decl. Ex. E: Dente Dep. 17).

7. Defendant Second Skin has pursued different business opportunities and has different sourcing agents than Defendant PLSL. No monies or other assets have ever been transferred from Defendant Private Label to Defendant Second Skin. (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep.126.)

8. Defendant Private Label and Defendant Second Skin each maintain its own separate books and records, and Defendant Private Label and Defendant Second Skin have different employees. (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep.106.)

9. In 2002, Defendant PLSL was introduced to Plaintiffs by Imer Basul, an agent for factories that produce women's apparel in Turkey. Defendant PLSL had a Purchase Order business with Plaintiffs; there was no master contract (Byler Decl. Ex. E: Dente Dep. 61).

10. Defendant PLSL, representing Target Stores, placed orders for women's apparel with Plaintiffs. Each of these orders was represented by a Purchase Order, which indicated, among other information, the style of garment, the total number of pieces, the price per piece, the shipping date,

-3-

and the method of payment (Dente Decl. para. 4).

11. There were two ways that these Purchase Orders were paid. First, the majority of the Purchase Orders were paid by a direct Letter of Credit ("L/C") from Target Stores. Second, Defendant Private Label financed the sale of garments manufactured by Plaintiffs made to order for Target Company upon Defendant PLSL's Purchase Orders; Plaintiffs shipped these goods to Defendant PLSL's warehouse and issued invoices for the amount due for the goods to Defendant PLSL (Dente Decl. para. 5; Byler Decl. Ex. E: Dente Dep. 93-94, 121; Byler Decl. Ex. C: Ilhan Dep. 10, 29).

12. Throughout the time Plaintiffs and Defendant PLSL engaged in a business relationship, Plaintiffs at times failed to produce and/or shipment of garments in compliance with the terms of the Purchase Orders. As a result, there were charge-backs for late goods, cancelled orders, expediting charges, inferior quality, Target store level returns, and other issues with the goods manufactured by Plaintiffs that prevented Defendant PLSL from delivering goods of a sufficient quality to Target Company by the contract date. Defendant PLSL had e-mail correspondence with Target concerning late shipments and cancellations that resulted in charge-backs (Dente Decl. para. 6 & Ex. 3; Byler Decl. Ex. E; Dente Dep. 50, 74, 119; Byler Decl. Ex. C: Ilhan Dep. 68-73).

13. Plaintiffs manufacturing relationship was exclusively with Defendant PLSL. Defendant Second Skin did not issue any Purchase Orders to Plaintiffs (Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 25-27).

14. Presented at the depositions of both Plaintiffs' Ilhan Arslan and Defendants' Christine Dente were all the Purchase Orders produced by Plaintiffs in this case, and none were from Defendant Second Skin (Byler Decl. para. 10 & Ex. G; Byler Decl Ex. C: Illhan Dep. 38 & Ex. 1;

-4-

Byler Decl. Ex. E: Dente Dep. 55 & Ex. 502).

15.    Plaintiffs did not issue any invoices to Defendant Second Skin (Dente Decl. para 7 & Ex. 4).

16.    Defendant Second Skin did not make any payments for garments to Plaintiffs; Plaintiffs did not ship any goods to Defendant Second Skin; Plaintiffs did not make any kind of seamless garments for Defendant Second Skin (Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 25, 38; Byler Decl. Ex. F: Bahar Dep. 25).

17.    Plaintiffs did not receive any charge-backs from, nor issue any refunds for goods to, Defendant Second Skin. The only payments made by Plaintiffs to Defendant Second Skin were commission payments for Christine Dente's consulting services and not for product (Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 19-22, 38).

18.    Target Company never made any payment to Defendant Second Skin for goods manufactured and shipped by Plaintiffs. Defendant PLSL was "factored," or had transferred the right to its receivables from Target Company to BB&T Bank (Dente Decl. para 8 & Ex. 5).

19.    Target Company made all payments to BB&T for any goods that were manufactured by Plaintiffs on Defendant PLSL's Purchase Orders. No payments were made to Defendant Second Skin with respect to garments manufactured by Plaintiffs. What money that Defendant Second Skin received later in 2007 from Target had to do with unrelated products manufactured by factories other than Plaintiffs' (Dente Decl. para 8).

~5~

Dated:    New York, New York
         June 3, 2008

                                      NESENOFF & MILTENBERG, LLP

                                      By: _/s/ Philip A. Byler, Esq._____
                                          Philip A. Byler, Esq. (PB 1234)

                                    Attorneys for Defendants
                                    363 Seventh Avenue - 5th Floor
                                    New York, New York 10001
                                    212.736.4500