UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ATATEKS FOREIGN TRADE LTD, JORDAN |
and ATATEKS DIS TICARET A.S., |
|                    Index No. 07 Civ. 6665 (HB)
                    Plaintiffs, |
|
        -against- |
|
PRIVATE LABEL SOURCING, LLC |
and SECOND SKIN, LLC, |
|
                    Defendants. |
------------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT


NESENOFF & MILTENBERG, LLP
Attorneys for Defendant Second Skin, LLC
of Counsel: Philip A. Byler, Esq./Andrew T. Miltenberg, Esq.
363 Seventh Avenue - Fifth Floor
New York, New York 10001
212.736.4500

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT.................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 1

ARGUMENT:   THE MOTION FOR SUMMARY JUDGMENT DISMISSING
              SECOND SKIN FROM THE COMPLAINT SHOULD BE GRANTED......... 3

    A.    Legal Standard ................................................................................3

    B.    Plaintiffs Has No Proof Of Any Claim
        Against Defendant Second Skin ...................................................... 4

        1.    Plaintiffs Adduced No Proof of Breach of
                Contract by Defendant Second Skin ............................................... 4

        2.    Plaintiffs Adduced No Proof That Defendant Second
                Skin Is Liable For An Account Stated ......................................... 6

        3.    Plaintiffs Adduced No Proof That Defendant Second Skin Is
                Liable To Plaintiffs in Quantum Meruit or Unjust Enrichment .............. 8

                (a)    Quantum Meruit ................................................................ 8

                (b)    Unjust Enrichment ..........................................................11

        4.    Plaintiffs Adduced No Proof That Defendant Second Skin
                Is Liable To Plaintiffs For Fraudulent Conveyance Under
                New York's Debtor-Creditor Law ................................................... 12

                (a)    Debtor Creditor Law § 276: Conveyance
                        Made With Intent To Defraud ............................................12

                (b)    Debtor Creditor Law § 273: Constructive Fraud ...................... 14

        5.    Plaintiffs Adduced No Proof That Defendant PLSL and
                Defendant Second Skin Are Mere Alter Egos And Thus
                Collectively Liable for the Debts Owed ............................................ 16

CONCLUSION ...................................................................................................19

## TABLE OF AUTHORITIES

**Page**

**Cases**

Aluminum Fair v Abdella, 90 AD2d 603 [3[rd] Dept 1982]
    lv. denied 58 NY2d 606 [1983] ................................................ 11
Anderson v. Liberty Lobby, 477 U.S. 242, 248 [1986} ......................................... 5
APS Food Systems, Inc. v Ward Foods, Inc., 70 AD2d 483 [1st Dept 1979] ................. 12
Artech Information Sys., LLC v Tee, 280 AD2d 117 [1[st] Dept 2001] ........................ 11
Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 306 [2d Cir 2004] ............ 12
Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 [1986] ............. 4, 5
Chisholm-Ryder Co., Inc. v. Sommer & Sommer, 70 AD2d 429, 431 [4[th] Dept 1979] ...... 7, 18
Clark-Fitzpatrick, Inc. v Long Island Rail Road Co, 70 NY2d 382, 388 [1987] .............. 9, 10
Coastal States Trading, Inc. v. Zenith Navigation, S.A.,
    446 F.Supp. 330 [SDNY 1977] ........................................................... 19
Derven v. PH Consulting, Inc., 427 F.Supp.2d 360, 367 [SDNY 2006] ...................... 5
Donahue v. Windsor Locks Bd. of Fire Commn'rs, 834 F.2d 54, 57 [2d Cir.1987] .......... 5
Furia v Furia,116 AD2d 694, 695 [2[nd] Dept 1986] .......................................... 5
GSGSB, Inc. v. NY Yankees, 862 F.Supp.1160, 1170 [SDNY 1994] .......................... 9
Hopfan v Knauth, 156 Misc 545 [NY Mun Ct 1935] ........................................... 16
In re Decker's Estate, 149 Misc 364 [Sur Ct Chenango Co 1933] .............................. 16
In re Sharp Intern. Corp., 403 F.3d 43, 56 [2d Cir 2005] ...................................... 14
In re Trace Intern. Holdings, Inc., 301 BR 801 [2003] ......................................... 16
Kirk v. Heppt, 532 F.Supp.2d 586, 594 [SDNY 2008] ........................................ 7
Lakeville Pace Mechanical, Inc. v Elmar Realty Corp.,
    276 AD2d 673 [2[nd] Dept 2000] ........................................................ 11
LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham,
    185 F.3d 61, 64 [2d Cir. 1999] ........................................................... 7
Legal Aid Soc. of Northeastern New York, Inc. v Economic Opportunity
    Comm'n of Nassau County, Inc.,132 AD2d 113, 116 [3[rd] Dept 1987] ................. 10
Lippe v Bairnco Corp., 249 F.Supp.2d 357, 380 [SDNY 2003] ................................ 17
Lowendahl v Baltimore & Ohio R. Co., 247 AD 144 [1[st] Dept 1936]
    aff'd 272 NY 360 [1936] ................................................................. 16
Matter of Morris v NY State Dept. of Taxation & Fin., 82 NY2d 135, 141-142 [1993] ......... 18
Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,
    418 F.3d 168, 175 [2d Cir 2005] ......................................................... 9
New Windsor Volunteer Ambulance Corps, Inc. v. Meyers,
    442 F.3d 101, 118 [2d Cir 2006] ......................................................... 9
Outrigger Const. Co., Inc. v Bank Leumi Trust Co. of New York,
    240 AD2d 382 [2[nd] Dept 1997] ........................................................ 11
Prospect Plaza Tenant Ass'n, Inc. v New York City Housing Authority,
    11 AD3d 400, 401 [1[st] Dept 2004] ..................................................... 13

Reprosystem, B.V. v. SCM Corp., 727 F.2d 257, 263 [2d Cir. 1984] …………….…..….…  9

Seiden Assocs., Inc. v. ANC Holdings, Inc., 768 F.Supp. 89, 96 [SDNY 1991]
    rev'd on other grounds, 959 F.2d 425 [2d Cir.1992] …………………………....…..  9

Selinger Enterprises, Inc. v. Cassuto, __ AD3d __ [2[nd] Dept, April 8, 2008] ……………….  10

Shisgal v Brown, 21 AD3d 845, 848 [1[st] Dept 2005] ……………………………………..…  18

Tesser v Allboro Equip. Co., 302 AD2d 589, 591 [2[nd] Dept 2003] ……………….…………  10

United States v. Diebold, Inc., 369 US 654, 655, 82 S.Ct. 993, 994,
    8 L.Ed.2d 176 [1962] ……………………………………………………………....  5

U.S. Barite Corp. v. M.V. Haris, 534 F.Supp. 328, 330 [SDNY 1982] ……………………  19

Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 591-592
    [2[nd] Dept 2007] ……………………………………………………………………  10

**Statutes & Rules**

Debtor Creditor Law § 271 …………………………………………………………  16

Debtor Creditor Law § 273 ……………………………………………………....…  13,15,
    16, 17

Debtor Creditor Law § 276 …………………………………………………………  13,14,15

Federal Rule of Civil Procedure 9(b) ……………………………………….…..…..…  14

Federal Rule of Civil Procedure 56(c) ……………………………………………..…  1, 4

**Other Authorities**

E. Farnsworth, Contracts [4[th] ed.], ¶ 4.24, pp. 279-280 [2004] ……………….……………  7

1

## PRELIMINARY STATEMENT

The defendants Private Label Sourcing, LLC ("Defendant PLSL"), and Second Skin, LLC ("Defendant Second Skin") (collectively "Defendants"), submit this Memorandum of Law in support of their motion for partial Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure ("FRCP") dismissing the First and Second Causes of Action of the Amended Complaint insofar as they are asserted against Defendant Second Skin and dismissing in their entirety the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action (which are asserted solely against Defendant Second Skin).

Defendants' motion should be granted. After the completion of discovery, there are no genuine issues of material fact and Defendants are entitled to judgment of law dismissing Defendant Second Skin from this action. Plaintiffs Atateks Foreign Trade LTD, Jordan, and Atateks Dis Tacaret, A.S. (collectively "Plaintiffs") have failed to adduce any evidence to support their claims against Defendant Second Skin. This is a simple goods sold and delivered case between Plaintiffs and Defendant Private Label, the only company on the purchase orders placed with Plaintiffs. Dismissal of Defendant Second Skin properly keeps this suit as that goods sold and delivered case.

## STATEMENT OF FACTS

The summary judgment record consists of the Declaration of Christine Dente, with supporting exhibits, and the depositions and deposition exhibits attached to the Declaration of Philip A. Byler, Esq..

Plaintiff Atateks Foreign Trade LTD, Jordan ("Plaintiff Atateks Jordan") is a manufacturer of women's apparel located in Amman, Jordan, and Plaintiff Atateks Dis Tiscaret A.S. ("Plaintiff Atateks Turkey") is a manufacturer of women's apparel located in Instanbul, Turkey. (Byler Decl.

2

Ex. C: Ihlan Dep. p. 7 ln 2-5, 16-19.)

Defendant PLSL is a Delaware limited liability company that acts as a purchasing agent of women's apparel for Target Stores and other retail outlets. Defendant PLSL is owned in equal shares by Christine Dente and Jetwell Garments, LT, a Hong Kong company. (Dente Decl. para. 2; Byler Decl. Ex. E: Dente Dep. 9). Defendant PLSL was formed in 2001 by Bruce Allen and Christine Dente. (Dente Decl. para. 2 & Ex. 1; Byler Decl. Ex. E: Dente Dep. 7-8.)

Defendant Second Skin is a New Jersey limited liability company that is registered to do business and has its principal place of business in New York. (Dente Decl. para. 3 & Ex. 2.) Defendant Second Skin was formed in 2005, by Christine Dente to market her consulting services, including to Atateks. (Dente Decl. para. 3; Byler Decl. Ex. E: Dente Dep. 17.) Defendant Second Skin is owned in its entirety by Christine Dente. (Dente Decl. para. 3; Byler Decl. Ex. E: Dente Dep. 17.)

Defendant Second Skin has pursued different business opportunities and has different sourcing agents than Defendant PLSL. No monies or other assets have ever been transferred from Defendant Private Label to Defendant Second Skin. (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep. 126.) Defendant Private Label and Defendant Second Skin each maintain its own separate books and records, and Defendant Private Label and Defendant Second Skin have different employees. (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep. 106.)

In 2002, Defendant PLSL was introduced to Plaintiffs by Imer Basul, an agent for factories that produce women's apparel in Turkey. Defendant PLSL had a Purchase Order business with Plaintiffs; there was no master contract. (Byler Decl. Ex. E: Dente Dep.61.) Defendant PLSL, representing Target Stores, placed orders for women's apparel with Plaintiffs. Each of these orders

3

was represented by a Purchase Order, which indicated, among other information, the style of garment, the total number of pieces, the price per piece, the shipping date, and the method of payment. (Dente Decl. para. 4.)

There were two ways that these Purchase Orders were paid. First, the majority of the Purchase Orders were paid by a direct Letter of Credit ("L/C") from Target Stores. Second, Defendant Private Label financed the sale of garments manufactured by Plaintiffs made to order for Target Company upon Defendant PLSL's Purchase Orders; Plaintiffs shipped these goods to Defendant PLSL's warehouse and issued invoices for the amount due for the goods to Defendant PLSL. (Dente Decl. para. 5; Byler Decl. Ex. E: Dente Dep. 93-94, 121; Byler Decl. Ex. C: Ilhan Dep. 10, 29.)

Throughout the time Plaintiffs and Defendant PLSL engaged in a business relationship, Plaintiffs at times failed to produce and/or shipment of garments in compliance with the terms of the Purchase Orders. As a result, there were charge-backs for late goods, cancelled orders, expediting charges, inferior quality, Target store level returns, and other issues with the goods manufactured by Plaintiffs that prevented Defendant PLSL from delivering goods of a sufficient quality to Target Company by the contract date. Defendant PLSL had e-mail correspondence with Target concerning late shipments and cancellations that resulted in charge-backs. (Dente Decl. para. 6 & Ex. 3; Byler Decl. Ex. E; Dente Dep. 50, 74, 119; Byler Decl. Ex. C: Ilhan Dep. 68-73.)

Plaintiffs manufacturing relationship was exclusively with Defendant PLSL. Defendant Second Skin did not issue any Purchase Orders to Plaintiffs. (Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 25-27.) Presented at the depositions of both Plaintiffs' Ilhan Arslan and Defendants' Christine Dente were all the Purchase Orders produced by Plaintiffs in this case, and none were from

4

Defendant Second Skin. (Byler Decl. para. 10 & Ex. G; Byler Decl Ex. C: Illhan Dep. 38 & Ex. 1; Byler Decl. Ex. E: Dente Dep. 55 & Ex. 502.) Plaintiffs did not issue any invoices to Defendant Second Skin. (Dente Decl. para 7 & Ex. 4.) Defendant Second Skin did not make any payments for garments to Plaintiffs. Plaintiffs did not ship any goods to Defendant Second Skin; Plaintiffs did not make any kind of seamless garments for Defendant Second Skin. (Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 25, 38; Byler Decl. Ex. F: Bahar Dep. 25.) Plaintiffs did not receive any charge-backs from, nor issue any refunds for goods to, Defendant Second Skin. The only payments made by Plaintiffs to Defendant Second Skin were commission payments for Christine Dente's consulting services and not for product. (Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 19-22, 38.)

## ARGUMENT:

### THE MOTION FOR SUMMARY JUDGMENT DISMISSING SECOND SKIN FROM THE COMPLAINT SHOULD BE GRANTED

Before the Court is the Defendant's motion for partial summary judgment dismissing the First and Second Causes of Action of the Amended Complaint insofar as they are asserted against Defendant Second Skin and dismissing in their entirety the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action (which are asserted solely against Defendant Second Skin). The motion should be granted, leaving this action as the simple goods sold and delivered case it is, for the following reasons.

### A.    Legal Standard

"Under Federal Rule of Civil Procedure 56(c), the court will grant summary judgment if the evidence offered shows that there is no genuine issue as to any material fact and that the movants are entitled to judgment as a matter of law (see Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548,

5

91 L.Ed.2d 265 [1986]). Furthermore, where a plaintiff cannot establish an essential element of his claim, 'there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" (Id. at 322-33, 106 S.Ct. 2548)" (Derven v. PH Consulting, Inc., 427 F.Supp.2d 360, 367 [SDNY 2006]). In other words, it is only disputes over what might affect the outcome of the case under the governing law that will properly preclude the entry of summary judgment (Anderson v. Liberty Lobby, 477 U.S. 242, 248 [1986]). "On a motion for summary judgment, the court views the record in the light most favorable to the non-movants and resolves all ambiguities and draws all reasonable inferences against the movants (see United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 [1962]; Donahue v. Windsor Locks Bd. of Fire Commn'rs, 834 F.2d 54, 57 [2d Cir.1987])" (Derven v. PH Consulting, Inc., supra).

**B.    Plaintiffs Has No Proof Of Any Claim Against Defendant Second Skin**

After discovery, Plaintiffs do not have evidence to support any claim against Defendant Second Skin.

### 1.    Plaintiffs Adduced No Proof of Breach of Contract by Defendant Second Skin

In order to set forth a cause of action for a breach of contract sufficient to withstand a defendant's challenge upon motion to dismiss, a plaintiff must plead (1) a valid contract between the parties, (2) performance by the plaintiff, (3) the defendant's failure to perform, and (4) damages. Furia v Furia,116 AD2d 694, 695 [2nd Dept 1986]).

Here, Plaintiffs do not have evidence that Defendant Second Skin entered into any contract with Plaintiffs, and thus cannot prove an essential element of their breach of contract claim.

*First*, Plaintiffs have failed to adduce any evidence that Defendant Second Skin entered into

6

any valid contract with Plaintiffs.  Defendant PLSL did enter into binding Purchase Orders with

Plaintiffs for the manufacture of women's apparel made to order for Target Company.  Defendant

PLSL issued numerous purchase orders to Plaintiffs, each reflecting the material terms of the

agreement between Plaintiffs and Defendant PLSL for manufacture and shipment of said goods,

including style of goods, number of pieces, cost per piece, payment terms, and shipping terms.

Defendant Second Skin, however, was not a party to these purchase orders, and is thus not liable for

any breach of contract based on these purchase orders; and Plaintiff has provided no evidence that

Defendant Second Skin submitted any purchase order with Plaintiffs, or other document, the

acceptance of which formed the basis of a valid, binding contract.  (Dente Decl. para. 7; Byler Decl.

Ex. E: Dente Dep. 25-27; Byler Decl Ex. C: Illhan Dep. 38 & Ex. 1; Byler Decl. Ex. E: Dente Dep.

55 & Ex. 502.)

_Second_, Plaintiffs have not adduced any evidence that Defendant Second Skin accepted

payment for the goods shipped on any purchase order of Defendant PLSL.  Plaintiffs allege in their

Amended Complaint that "Private Label and/or Second Skin received payments by Target

Corporation [and] [t]o the extent that Second Skin accepted such payments it became the assignee of

[Plaintiffs'] contract with Private Label and subject to the payment obligations therein" (Byler Decl.

Ex. A: Amended Complaint ¶ 12).  But Plaintiffs did not produce any evidence that Target Stores

made payment by check, wire transfer, or other means to Defendant Second Skin for any of the

subject goods.  Further, Target Company never made any payment to Defendant Second Skin for

goods manufactured and shipped by Plaintiffs.  Defendant PLSL was "factored," or had transferred

the right to its receivables from Target Company to BB&T Bank.  Target Company made all

payments to BB&T for any goods that were manufactured by Plaintiffs on Defendant PLSL's

7

Purchase Orders.  No payments were made to Defendant Second Skin with respect to garments manufactured by Plaintiffs.  Defendant Second Skin was never paid for goods manufactured and shipped by Plaintiffs. (Dente Decl. para. 8 & Ex. 5; Byler Decl. Ex. E: Dente Dep. 19-22, 38.)

In short, Plaintiffs have failed to offer proof that Defendant Second Skin entered into a valid and binding contract with Plaintiffs, or is otherwise liable for breach of the purchase orders.  There thus being no genuine issue of material fact, Defendants are entitled to summary judgment dismissing the First Cause of Action for Breach of Contract insofar as it is asserted against the Defendant Second Skin.

### 2.  Plaintiffs Adduced No Proof That Defendant Second Skin Is Liable For An Account Stated

"An account stated is 'an agreement between the parties to an account based upon prior transactions between them . . .'" (Kirk v. Heppt, 532 F.Supp.2d 586, 594 [S.D.N.Y. 2008] citing LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 [2d Cir. 1999]).  An account stated agreement "may be implied 'a party receiving a statement of account keeps it without objecting to it within a reasonable time' or 'if the debtor makes partial payment'" (Worsham, supra, citing Chisholm-Ryder Co., Inc. v. Sommer & Sommer, 70 AD2d 429, 431 [4th Dept 1979]; see also E. Farnsworth, Contracts [4th ed.], ¶ 4.24, pp. 279-280 [2004] [an account stated claim requires that there be pleading of an account created and the failure to pay according to the terms of the account]).

Here, Plaintiffs have failed to establish that Defendant Second Skin agreed to any account with Plaintiffs, that Defendant Second Skin received and retained any statement of account from Plaintiffs without objection, or that Defendant Second Skin made any partial payment on the disputed account.

8

*First*, Plaintiffs have adduced no evidence of prior transactions between Plaintiffs and Defendant Second Skin for the manufacture of women's apparel. To the contrary, as set forth above, Plaintiffs' transactions for the manufacture of these goods were solely with Defendant PLSL.

*Second*, Plaintiffs have adduced no evidence of their claim that Plaintiffs' "invoices were [] received by [Defendant] Second Skin without objection" (see Byler Decl. Ex. A: Amended Complaint ¶ 17). As discussed above, all Purchase Orders for manufacture of the subject goods were issued by Defendant PLSL, not to Defendant Second Skin. (Byler Decl. para. 10 & Ex. G; Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 25-27; Byler Decl Ex. C: Illhan Dep. 38 & Ex. 1; Byler Decl. Ex. E: Dente Dep. 55 & Ex. 502.)   Plaintiffs issued invoices for these goods exclusively to Defendant PLSL not to Defendant Second Skin (Dente Decl. para 7 & Ex. 4), and Plaintiffs paid any refunds or credits for these goods to Defendant PLSL not to Defendant Second Skin (Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 19-22, 38). In addition, Defendant Second Skin did not make any payment for the garments under Defendant PLSL's Purchase Orders. (Dente Decl. para. 7; Byler Decl. Ex. E: Dente Dep. 25, 38; Byler Decl. Ex. F: Bahar Dep. 25.)   Indeed, Target Company secured the majority of the purchase orders placed by Defendant PLSL with Plaintiffs by a direct L/C, and payment was made when Plaintiffs drew down the applicable L/C. (Dente Decl. para. 5; Byler Decl. Ex. E: Dente Dep. 93-94, 121.)

In short, Plaintiffs cannot prove that Defendant Second Skin is liable for any account stated. There thus being no genuine issue of material fact, Defendants are entitled to summary judgment dismissing the Second Cause of Action for Account Stated insofar as it is asserted against the Defendant Second Skin.

9

### 3.   Plaintiffs Adduced No Proof That Defendant Second Skin Is Liable To Plaintiffs in Quantum Meruit or Unjust Enrichment

It is well settled that where a valid agreement exists between the parties, an action in quantum meruit to prevent unjust enrichment is not available (see New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 118 [2d Cir 2006]; Clark-Fitzpatrick, Inc. v Long Island Rail Road Co, 70 NY2d 382, 388 [1987]).  Despite this clear rule, Plaintiffs have nevertheless attempted to transform their claims sounding in breach of contract against Defendant PLSL into actions for quantum meruit and unjust enrichment against Defendant Second Skin.  Plaintiffs, however, have failed to adduce any evidence to support these claims, and therefore the Third Cause of Action for Quantum Meruit and the Fourth Cause of Action for Unjust Enrichment should be dismissed.

The elements necessary to prove a quantum meruit claim are: "(1) plaintiff rendered services to defendant; (2) defendant accepted those services; (3) plaintiff expected compensation; and (4) the reasonable value of the service" (GSGSB, Inc. v. NY Yankees, 862 F.Supp.1160, 1170 [SDNY 1994]).  A cause of action for quantum meruit and a claim of unjust enrichment are similar in that they are both based upon the rule that one party should not be permitted to enrich itself at the expense of another (Reprosystem, B.V. v. SCM Corp., 727 F.2d 257, 263 [2d Cir. 1984]).  Therefore, under New York law, courts "analyze quantum meruit and unjust enrichment together as a single quasi contract claim" (Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 [2d Cir 2005]; see also Seiden Assocs., Inc. v. ANC Holdings, Inc., 768 F.Supp. 89, 96 [SDNY 1991] rev'd on other grounds, 959 F.2d 425 [2d Cir.1992]).

### (a)    Quantum Meruit

Here, Plaintiffs have alleged that Defendant Second Skin is liable to Plaintiffs in quantum

10

meruit on the grounds that Defendant "Second Skin received payments from Target Corporation" for goods manufactured by Plaintiffs, and that these payments are "rightly due to Plaintiffs under their contract with [Defendant PLSL]" (Byler Decl. Ex. A: Amended Complaint ¶¶ 20, 21). Under the law, however, these allegations do not form a basis for recovery in quantum meruit. Further, Plaintiffs have failed to establish any of the material elements necessary for a finding against Defendant Second Skin on a claim of quantum meruit.

*First*, Plaintiffs have adduced no evidence that they rendered any services to Defendant Second Skin. Plaintiffs did not receive any purchase orders from Defendant Second Skin, Plaintiffs did not manufacture any goods for Defendant Second Skin, Plaintiffs did not ship any goods to Defendant Second Skin, Plaintiffs did not issue any invoices to Defendant Second Skin, and Plaintiffs did not receive any payments from Defendant Second Skin. Therefore, Plaintiffs have failed to establish this first necessary element of the cause of action for quantum meruit (see Selinger Enterprises, Inc. v. Cassuto, __ AD3d __ [2nd Dept, April 8, 2008] citing Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 591-592 [2nd Dept 2007]; Tesser v Allboro Equip. Co., 302 AD2d 589, 591 [2nd Dpet 2003]).

*Second*, Plaintiffs, similarly, have adduced no evidence that Defendant Second Skin accepted services from Plaintiffs. As set forth above, Plaintiffs did not ship any goods to Defendant Second Skin, Plaintiffs did not issue any invoices to Defendant Second Skin, and Plaintiffs did not receive any payments from Defendant Second Skin. Therefore, Plaintiffs have failed to establish this second necessary element of the cause of action for quantum meruit (see e.g. Legal Aid Soc. of Northeastern New York, Inc. v Economic Opportunity Comm'n of Nassau County, Inc.,132 AD2d 113, 116 [3rd Dept 1987]).

11

*Third,* Plaintiffs have adduced no evidence that Plaintiffs reasonably expected payment from Defendant Second Skin. A claim for quantum meruit must be directed at the entity intended to benefit from the services provided by a plaintiff (see Artech Information Sys., LLC v Tee, 280 AD2d 117 [1st Dept 2001]; Lakeville Pace Mechanical, Inc. v Elmar Realty Corp., 276 AD2d 673 [2nd Dept 2000]; Outrigger Const. Co., Inc. v Bank Leumi Trust Co. of New York, 240 AD2d 382 [2nd Dept 1997]). Such a claim requires that the Court find that the services were rendered under circumstances such that give rise to an inferable expectation by both parties that plaintiff would be paid for these services, and it is only in such cases that a promise to pay for services is implied in law (see Aluminum Fair v Abdella, 90 AD2d 603 [3rd Dept 1982] lv. denied 58 NY2d 606 [1983]).

Here, as demonstrated by the Purchase Orders, which defined the obligations of Plaintiffs and Defendant PLSL, Defendant PLSL was the party intended to benefit from Plaintiffs' services, and there is no evidence that Plaintiffs expected of payment for their services from Defendant Second Skin. In addition, there is absolutely no evidence from which the Court can infer that Defendant Second Skin expected it would pay for Plaintiffs' services, since Plaintiffs had contracted for these services with a separate entity, Defendant PLSL. Therefore, Plaintiffs have failed to establish this third necessary element of the cause of action for quantum meruit.

To the extent that it is Plaintiffs' argument that Defendant Second Skin is liable in quantum meruit because Defendant Second Skin received payments from Target Company for goods manufactured by Plaintiffs, Plaintiffs have adduced no evidence to support this claim. (Dente Decl. para. 8 & Ex. 5; Byler Decl. Ex. E: Dente Dep. 19-22, 38.)

*Fourth,* Plaintiffs have adduced no evidence of the reasonable value of any services they provided to Defendant Second Skin, since they do not allege that they, and in fact did not, provide

12

any services to Defendant Second Skin.  As Plaintiffs have failed to demonstrate that they provided

any services to Defendant Second Skin, there can be no finding of a "reasonable value" of these

services.  Therefore, Plaintiffs cannot establish this fourth necessary element of the cause of action

for quantum meruit.

In sum, Plaintiffs have adduced no evidence that it rendered services to Defendant Second

Skin, the Defendant Second Skin accepted those services, and that there was a reasonable

expectation by both parties that Defendant Second Skin would compensate Plaintiffs.  There thus

being no genuine issue of material fact, Defendants are entitled to summary judgment dismissing the

Third Cause of Action for Quantum Meruit.

> **(b)**    **<u>Unjust Enrichment</u>**

Plaintiffs' unjust enrichment cause of action is based on the same allegations as their

quantum meruit claim.  Plaintiffs allege that Defendant Second Skin was unjustly enriched because

Defendant "Second Skin received payments from Target Corporation for the Women's Apparel"

manufactured by Plaintiffs,  Plaintiffs thus "conferred a benefit on [Defendant] Second Skin and

[Defendant] Second Skin had thereby been unjustly enriched" (Byler Decl. Ex. A: Amended

Complaint ¶¶ 26, 27).  Plaintiffs, however, have failed to adduce any evidence to support these

claims.

The elements necessary to prove an unjust enrichment claim in New York are "(1) defendant

was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against

permitting defendant to retain what plaintiff is seeking to recover" (<u>Briarpatch Ltd., L.P v. Phoenix</u>

<u>Pictures, Inc.</u>, 373 F.3d 296, 306 [2d Cir 2004]).  In order to recover for unjust enrichment, a plaintiff

must establish that a defendant was, in fact, enriched (<u>APS Food Systems, Inc. v Ward Foods, Inc.</u>,

13

70 AD2d 483 [1st Dept 1979]; <u>see also</u> <u>Prospect Plaza Tenant Ass'n, Inc. v New York City Housing Authority</u>, 11 AD3d 400, 401 [1[st] Dept 2004]).

Here, Plaintiffs have adduced no evidence that Defendant Second Skin received payments from Target Company for goods manufactured by Plaintiffs, or that Defendant Second Skin was otherwise enriched as a result of Plaintiffs manufacture of goods for Target Company. Therefore, Plaintiffs cannot establish a cause of action for unjust enrichment. There thus being no genuine issue of material fact, Defendants are entitled to summary judgment dismissing the Fourth Cause of Action for Unjust Enrichment.

4.      **Plaintiffs Adduced No Proof That Defendant Second Skin Is Liable To Plaintiffs For Fraudulent Conveyance Under New York's Debtor-Creditor Law**

Debtor-Creditor law in New York provides an avenue for creditors to obtain payment of debts despite efforts of a debtor to elude payment by transfer of the debtors assets to another entity or individual. A plaintiff may move to set aside such transfers made based on actual or constructive fraud (<u>see</u> DCL §§ 273, 276). In each of these circumstances, in order to prove a fraudulent transfer, a plaintiff must prove that there was a conveyance from the debtor to another entity or individual (<u>see</u> DCL §§ 273, 276). Here, Plaintiffs have failed to come up with evidence that Defendant PLSL made any conveyance to Defendant Second Skin. For this reason, and the other reasons set forth below, Plaintiffs have failed to raise a genuine issue of material fact precluding summary judgment on its causes of action for fraudulent transfer.

(a)      **Debtor Creditor Law § 276: Conveyance Made With Intent To Defraud**

Pursuant to section 276 of New York's Debtor Creditor law, "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder,

14

delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." "As 'actual intent to hinder, delay, or defraud, constitutes fraud, it must be pled with specificity, as required by Fed.R.Civ.P. 9(b). Moreover, '[t]he burden of proving 'actual intent' is on the party seeking to set aside the conveyance'" (In re Sharp Intern. Corp., 403 F.3d 43, 56 [2d cir 2005] [citations omitted]).

Here, Plaintiffs have failed to adduce any proof that Defendant PLSL made conveyances to Defendant Second Skin, and therefore have failed to prove an essential element of fraudulent conveyance pursuant to DCL § 276. Plaintiffs have offered only bare and conclusory allegations in the Amended Complaint that Defendant "Upon information and belief, [Defendant] Second Skin either (a) received funds from [Defendant PLSL] or (b) received funds from Target Corporation for Women's Apparel that were due to [Defendant PLSL]" and that "[u]pon information and belief, the transfers were made and/or received with the actual intent to hinder, delay, or frustrate creditors of [Defendant PLSL]" (Byler Decl. Ex. A: Amended Complaint ¶¶ 31, 32).

*First*, these allegations are wholly insufficient to plead a cause of action with specificity, as required by Fed.R.Civ.P.9(b). In order to set forth a cause of action pursuant to DCL § 276 with sufficient specificity, the plaintiffs is allowed to rely on 'badges of fraud' to support its case, "i.e., circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent" (In re Sharp Intern. Corp., supra [citations omitted]). "These 'badges of fraud' may include [] 'a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; ... and retention of control of the property by the transferor after the conveyance'" (In re Sharp Intern. Corp., supra [citations omitted]).

15

Here, Plaintiffs have set forth conclusory allegations, upon information and belief, that there were "transfers" made to Defendant Second Skin and that these transfers were made with the actual intent to hinder, delay, or frustrate creditors. However, Plaintiffs have offered no specific allegation of these claims.

*Second*, even if Plaintiffs had properly pleaded fraudulent conveyance pursuant to DCL § 276, they have failed to adduce any proof to support their claims. Defendant Second Skin has pursued different business opportunities and has different sourcing agents than Defendant PLSL. No monies or other assets have ever been transferred from Defendant Private Label to Defendant Second Skin. (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep. 126.) Defendant Private Label and Defendant Second Skin each maintain its own separate books and records, and Defendant Private Label and Defendant Second Skin have different employees. (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep. 106.)

Plaintiffs have adduced no evidence that Defendant PLSL made any transfer to Defendant Second Skin with actual intent to defraud its creditors. Therefore, Plaintiffs cannot establish a cause of action for fraudulent conveyance pursuant to DCL § 276. There thus being no triable issue of fact, Defendants are entitled to summary judgment dismissing the Fifth Cause of Action for Fraudulent Conveyance.

### (b)    Debtor Creditor Law § 273: Constructive Fraud

Pursuant to section 273 of New York's debtor-creditor law for constructive fraud, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." In order to establish a claim under DCL §

16

273, a plaintiff must demonstrate "(1) a transfer of debtor's property, (2) while debtor was insolvent or which rendered debtor insolvent, (3) without . . . fair consideration" (In re Trace Intern. Holdings, Inc., 301 BR 801 [2003] [emphasis added]).    Insolvency is a prerequisite to any finding of constructive fraud (see Lowendahl v Baltimore & Ohio R. Co., 247 AD 144 [1[st] Dept 1936] aff'd 272 NY 360 [1936]).

Here, Plaintiffs have failed to adduce any proof that Defendant PLSL (1) made any transfers to Defendant Second Skin, and (2) that Defendant PLSL is now, or ever was, insolvent, and have therefore failed to prove the essential elements of fraudulent conveyance pursuant to DCL § 273.

*First*, as set forth above, there is no evidence that can be cited by Plaintiffs that the debtor, Defendant PLSL, made any transfer to Defendant Second Skin.    For this reason alone Plaintiffs have failed to demonstrate that there is any genuine issue of material fact that would preclude summary judgment on the Sixth Cause of Action.

*Second*, Plaintiffs have failed to adduce any proof that Defendant PLSL was insolvent or rendered insolvent at any relevant time.    As defined in the Debtor Creditor Law:

> 1. A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.

(DCL § 271).    Insolvency will not be presumed, but must be established by proof (see Hopfan v Knauth, 156 Misc 545 [NY Mun Ct 1935]; In re Decker's Estate, 149 Misc 364 [Sur Ct Chenango Co 1933]).

Here, Plaintiffs can cite to no evidence that Defendant PLSL was, or was rendered, insolvent at the time of the disputed transfers.    As discussed above, there were no transfers from Defendant PLSL to Defendant Second Skin.    (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep. 126.)

17

Therefore, it is impossible for Plaintiffs to present evidence that Defendant PLSL was insolvent at the time of the subject transfers, or was rendered insolvent by those transfers as no relevant time frame can be determined (see Lippe v Bairnco Corp., 249 F.Supp.2d 357, 380 [S.D.N.Y. 2003] [Whether a company has sufficient assets to pay probably liability on its existing debts "must be gauged at the time of the transfer and not with the benefit of hindsight."]).

Further, Plaintiffs have adduced no evidence that Defendant PLSL was insolvent at anytime and thus have failed to raise any question of fact on this issue. Defendant PLSL is an on-going entity that is, and was at all relevant time, carrying on its business. (Byler Decl. Ex. E: Dente Dep. 10, 12.) In addition, the fair salable value of Defendant PLSL's assets is greater than the liability of its existing debts (Dente Decl. para. 9 & Ex. 6.)

Plaintiffs thus have adduced no evidence that Defendant PLSL made any transfer to Defendant Second Skin, or that Defendant PLSL is insolvent. In fact, the evidence shows that Defendant PLSL is, and was at all relevant times, a solvent company that continues to conduct business. Therefore, Plaintiffs cannot establish a cause of action for fraudulent conveyance pursuant to DCL § 273. There thus being no material issue of fact, Defendants are entitled to summary judgment dismissing the Sixth Cause of Action for Fraudulent Conveyance.

**5.    Plaintiffs Adduced No Proof That Defendant PLSL and Defendant Second Skin Are Mere Alter Egos And Thus Collectively Liable for the Debts Owed**

Here, Plaintiffs have alleged that Defendant Second Skin is liable to Plaintiffs for the debts of Defendant PLSL on the ground that Defendant PLSL and Defendant Second Skin "are mere alter egos of one another" (Byler Decl. Ex. A: Amended Complaint ¶ 45). Plaintiffs base this claim on the same allegations that form the basis of their other unsupportable claims. Specifically, Plaintiffs offer

18

conclusory allegations that "Christine Dent[e], the half owner of [Defendant PLSL] and the sole

owner of [Defendant] Second Skin . . . caused funds to be transferred from [Defendant PLSL] to

[Defendant] Second Skin without consideration and in other [unspecified] ways disregarded the

corporate form" (Byler Decl. Ex. A: Amended Complaint ¶ 43). However, under the law, these

allegations do not form a sufficient basis to pierce the corporate veil and hold Defendant Second

Skin liable for the debts of Defendant PLSL as an alter ego. Further, Plaintiffs have failed to

establish any of the material elements necessary for a finding against Defendant Second Skin on an

alter ego claim.

     In order to hold one company liable for the debts of another upon a theory that they are alter

egos of one another, the court must find circumstances sufficient to pierce the corporate veil.

> " 'Generally ... piercing the corporate veil requires a showing that: (1) the
> owners exercised complete domination of the corporation in respect to the
> transaction attacked; and (2) that such domination was used to commit a fraud or
> wrong against the plaintiff which resulted in plaintiff's injury.
>
> While complete domination of the corporation is the key to piercing the
> corporate veil, especially when the owners use the corporation as a mere device to
> further their personal rather than the corporate business, such domination,
> standing alone, is not enough; some showing of a wrongful or unjust act toward
> plaintiff is required' "

(Shisgal v Brown, 21 AD3d 845, 848 [1st Dept 2005] quoting Matter of Morris v NY State Dept.

of Taxation & Fin., 82 NY2d 135, 141-142 [1993]).

     Here, Plaintiffs have failed to adduce any proof that (1) Defendant PLSL exercised complete

dominion and control over Defendant Second Skin or that (2) Defendant PLSL used its control over

Defendant Second Skin to perpetrate a fraud or wrong against Plaintiffs, and have therefore failed to

prove the essential elements of necessary to hold Defendant Second Liable for the debts of

19

Defendant PLSL upon the theory that the companies were mere alter egos.

*First*, there is no evidence that can be cited by Plaintiffs that Defendant PLSL exercised complete dominion and control over Defendant Second Skin. There is no uniformity of ownership. Defendant PLSL is owned 50% by Christine Dente and 50% by Jetwell, a Hong Kong Corporation, whereas Defendant Second Skin is 100% owned by Christein Dente. (Dente Decl. paras. 2-3; Byler Decl. Ex. E: Dente Dep. 9, 17). In addition, Defendants are engaged in different business, and hold sourcing agents than Defendant PLSL. (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep. 126.) Defendant Private Label and Defendant Second Skin each maintain its own separate books and records, and Defendant Private Label and Defendant Second Skin have different employees. (Dente Decl. para. 4; Byler Decl. Ex. E: Dente Dep. 106.) While Defendants do maintain a common office and telephone number, these superficial indicia are insufficient to establish alter ego liability (see U.S. Barite Corp. v. M.V. Haris, 534 F.Supp. 328, 330 [S.D..N.Y. 1982]; Coastal States Trading, Inc. v. Zenith Navigation, S.A., 446 F.Supp. 330 [S.D.N.Y. 1977]).

*Second*, even if Plaintiffs had identified a genuine issue of fact regarding domination and control (which they did not), there is no evidence that Defendant PLSL used domination of Defendant Second Skin to commit a fraud or wrong against the Plaintiffs. Plaintiffs again rely on unsupportable allegations that Defendant PLSL transferred funds to Defendant Second Skin, or that Target made payments for goods manufactured by Plaintiffs to Defendant Second Skin. As set forth above, the only evidence on this issue establishes that Defendant PLSL made no transfers to Defendant Second Skin that can be considered fraudulent. (Dente Decl. para. 7-8.)

Plaintiffs have adduced no evidence that Defendant PLSL and Defendant Second Skin are alter ego of one another such that this Court may hold Defendant Second Skin liable for the debts of

20

Defendant PLSL, nor have Plaintiffs adduced evidence that Defendant PLSL used any alleged

control over Defendant Second Skin to perpetrate a fraud against Plaintiffs. Therefore, Plaintiffs

cannot establish the essential elements necessary to hold Defendant Second Liable for the debts of

Defendant PLSL upon the theory that the companies were mere alter egos. There thus being no

triable issue of fact, Defendants are entitled to summary judgment dismissing the Seventh Cause of

Action.

## CONCLUSION

For the reasons stated above, the Court should grant this motion for summary judgment

dismissing the Amended Complaint insofar as it is asserted against Defendant Second Skin from

the action and award such further and other relief as deemed just and proper.

Dated:     New York, New York
           June 3, 2008

                        NESENOFF & MILTENBERG, LLP
                        Attorneys for Defendants

                        By:     ___/s/_Philip A. Byler, Esq._____
                              Philip A. Byler, Esq. (PB 1234)

                        363 Seventh Avenue - Fifth Floor
                        New York, New York 10001
                        212.736.4500