UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATATEKS FOREIGN TRADE LTD, JORDAN AND ATATEKS DIS TICARET A.S., <br><br> Plaintiffs, <br><br> v. <br><br> PRIVATE LABEL SOURCING, LLC AND SECOND SKIN, LLC, <br><br> Defendants. | Index No. 07 Civ. 6665 (HB) <br><br> **AMENDED COMPLAINT** |

As and for their complaint in this action, plaintiffs Atateks Foreign Trade LTD, Jordan and Atateks Dis Ticaret A.S. (collectively "Atateks") allege as follows:

### NATURE OF THE ACTION

1. This is an action to recover invoiced, but unpaid, amounts for certain women's apparel. The women's apparel was manufactured by Plaintiffs for Defendants. The goods have been shipped, delivered and accepted without objection by Defendants.

### PARTIES

2. Plaintiff Atateks Foreign Trade LTD, Jordan is a manufacturer of women's apparel whose principal place of business is at Industrial Building V, Altajamout Industrial City, Q.I.Z., P.O. Box 42, Amman 11636 Jordan.

3. Plaintiff Atateks Dis Ticaret A.S. is a manufacturer of women's apparel whose principal place of business is at Cam Sokak No. 26 Merter, Istanbul, Turkey.

3. Defendant Private Label Sourcing, LLC ("Private Label") is, on information and belief, a limited liability company organized under the laws of Delaware.

4. Defendant Second Skin, LLC ("Second Skin") is, on information and belief, a limited liability company organized under the laws of New Jersey and registered to do

business in New York. Upon information and belief, Second Skin's principal place of business in New York is at 597 Broadway, 2R, New York, New York 10012. Private Label and Second Skin purchase women's apparel for resale to Target and other retail outlets.

## JURISDICTION AND VENUE

5. Jurisdiction lies in this Court under 28 U.S.C. § 1332 by reason of the diversity of jurisdiction among the parties. The amount in controversy is in excess of $75,000.

6. Venue is proper in this district under 28 U.S.C. § 1391 inasmuch as the cause of action arises here.

## FACTUAL ALLEGATIONS

6. In or around 2002, Atateks entered into a contract with Private Label for the sale to Private Label of certain women's apparel to be manufactured by Atateks (the "Women's Apparel").

7. The contract provided for the periodic shipment of goods from Atateks to Private Label and the periodic payment for such goods by Private Label.

8. In or around November 2006, Private Label paid one installment, but otherwise failed to make full payment for the goods it received and accepted without objection. These goods have been sold on to Defendants' retail customers and payments for these goods have been made to Private Label and/or Second Skin.

9. Since its first default in or around November 2006, Private Label and Second Skin have failed to honor their obligations under the contract to pay for the goods manufactured by Plaintiffs, despite Atateks's extension of multiple credit lines, flexibility with respect to payments and accommodations with respect to collateral and scheduling.

10. Private Label and Second Skin remain indebted to Atateks in the amount of $2,079,189.85, together with interest and the costs of collection and related amounts.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

11. Plaintiffs hereby repeat and incorporate the aforementioned allegations as if fully set forth herein.

12. Private Label and/or Second Skin received payments by Target Corporation for the Women's Apparel. To the extent that Second Skin accepted such payments, it became the assignee of Atateks' contract with Private Label and subject to the payment obligations therein.

13. Defendants breached their contract with Atateks by failing to pay the agreed upon price for the women's apparel supplied by Atateks.

14. As a result of the breaches, Atateks has been damaged in the amount of $2,079,189.85, together with interest and the costs of collection and related amounts, for which Private Label and Second Skin are liable to Atateks.

## SECOND CAUSE OF ACTION

### Account Stated

### (Against All Defendants)

15. Plaintiffs hereby repeat and incorporate the aforementioned allegations as if fully set forth herein.

16. In accordance with the parties' contract terms, Atateks from time to time issued invoices to Private Label reflecting amounts due and accrued on the fabrication of women's apparel contracted by Private Label. These invoices reflected the full and true amount of these transactions and were received, accepted and retained without objection by Private Label, which made partial but not full payment.

17. These invoices were also received by Second Skin without objection.

18. As a result, an account has been stated between Plaintiffs, on the one hand, and, on the other hand, Private Label and Second Skin, which has a balance of $2,079,189.85, together with interest and the costs of collection and related amounts, owing to plaintiffs. Private Label and Second Skin have not asserted any defenses to this account stated. Private Label and Second Skin are liable to plaintiffs for the full amount.

### THIRD CAUSE OF ACTION

#### Quantum Meruit

#### (Against Second Skin)

19. Plaintiffs hereby repeat and incorporate the aforementioned allegations as if fully set forth herein.

20. Upon information and belief, Second Skin received payments from Target Corporation for the Women's Apparel.

21. All or a portion of the funds received by Second Skin for these products are rightly due to Plaintiffs under their contract with Private Label.

22. Second Skin retained these funds and benefits at the expense of and to the detriment of Plaintiffs.

23. Under principles of equity and good conscience, Second Skin should not be permitted to retain the portion of these funds that are owed to Plaintiffs.

24. Plaintiffs are entitled to judgment against Second Skin in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

### (Against Second Skin)

25. Plaintiffs hereby repeat and incorporate the aforementioned allegations as if fully set forth herein.

26. Upon information and belief, Second Skin received payments from Target Corporation for the Women's Apparel.

27. By producing Women's Apparel for which Second Skin received payment, Plaintiffs conferred a benefit upon Second Skin and Second Skin has thereby been unjustly enriched.

28. Because of the parties' conduct, a quasi-contract between the parties should be imposed by law.

29. Plaintiffs are entitled to judgment against Second Skin in the amount by which Second Skin was unjustly enriched, which shall be proven at trial.

## FIFTH CAUSE OF ACTION

### Violation of New York Debtor and Creditor Law Section 276

### (Against Second Skin)

30. Plaintiffs hereby repeat and incorporate the aforementioned allegations as if fully set forth herein.

31. Upon information and belief, Second Skin either (a) received funds from Private Label or (b) received funds from Target Corporation for Women's Apparel that were due to Private Label.

32.     Upon information and belief, the transfers were made and/or received with the actual intent to hinder, delay, or frustrate creditors of Private Label.

33.     Upon information and belief, Second Skin took the transfers without providing any reasonably equivalent value in exchange for the transfers.

34.     These transfers were conveyances within the meaning of the Uniform Fraudulent Conveyance Act.

35.     Pursuant to the New York Debtor and Creditor Law, the Court should set aside and disregard the fraudulent conveyances and attach or levy execution upon the property conveyed.

## SIXTH CAUSE OF ACTION

**Violation of New York Debtor and Creditor Law Section 273**

**(Against Second Skin)**

36.     Plaintiffs hereby repeat and incorporate the aforementioned allegations as if fully set forth herein.

37.     Upon information and belief, Second Skin either (a) received funds from Private Label or (b) received funds from Target Corporation for Women's Apparel that were due to Private Label.

38.     Upon information and belief, Private Label was insolvent at the time it transferred funds to Second Skin, or the transfers rendered Private Label insolvent.

39.     Upon information and belief, Second Skin took the transfers without providing any reasonably equivalent value in exchange for the transfers.

40.     These transfers were conveyances within the meaning of the Uniform Fraudulent Conveyance Act.

41.     Pursuant to the New York Debtor and Creditor Law, the Court should set aside and disregard the fraudulent conveyances and attach or levy execution upon the property conveyed.

## SEVENTH CAUSE OF ACTION

### Alter Ego Claim

### (Against Second Skin)

42.     Plaintiffs hereby repeat and incorporate the aforementioned allegations as if fully set forth herein.

43.     Christine Dent, the half owner of Private Label and the sole owner of Second Skin, used Private Label and Second Skin interchangeably. Ms. Dent caused funds and contracts to be transferred from Private Label to Second Skin without consideration and in other ways disregarded the corporate form.

44.     Second Skin has disregarded the corporate form to the detriment of Plaintiffs by, inter alia, receiving funds for goods produced by Plaintiffs while refusing to take on the obligations of Private Label to pay for such goods.

45.     Private Label and Second Skin are merely alter egos of one another.

46.     Accordingly, judgment should be entered against Second Skin holding it liable for all debts of Private Label to Plaintiffs.

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

a.      On the First Cause of Action against Private Label and Second Skin in the amount of $2,079,189.85, together with interest and the costs of collection and related amounts;

  b. On the Second Cause of Action against Private Label and Second Skin in the amount of $2,079,189.85, together with interest and the costs of collection and related amounts;

  c. On the Third Cause of Action against Second Skin in an amount to be determined at trial;

  d. On the Fourth Cause of Action against Second Skin in an amount to be determined at trial;

  e. On the Fifth Cause of Action against Second Skin in an amount to be determined at trial;

  f. On the Sixth Cause of Action against Second Skin in an amount to be determined at trial;

  g. On the Seventh Cause of Action against Second Skin in an amount to be determined at trial; and

  h. For such other and further relief as the Court may determine is just, necessary and appropriate.

Dated: New York, New York
    April __, 2008

LAW OFFICES OF ERIC J. GRANNIS

By: _____/s/ Eric Grannis_____
  Eric J. Grannis
620 Fifth Avenue
New York, New York 10020
(212) 903-1025