UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ATATEKS FOREIGN TRADE LTD, JORDAN
and ATATEKS DIS TICARET A.S.,

                 Plaintiffs,

-against-

PRIVATE LABEL SOURCING, LLC
and SECOND SKIN, LLC,

                 Defendants.
-------------------------------------------------------------x

Index No. 07 Civ. 6665 (HB)

ANSWER TO AMENDED
COMPLAINT AND
COUNTERCLAIMS

Defendant Private Label Sourcing, LLC and Defendant Second Skin, LLC (hereinafter Defendants), by their attorneys Nesenoff & Miltenberg LLP, respectfully allege for their Answer to the Amended Complaint & Counterclaim as follows:

1. Defendants deny knowledge and information sufficient to form an opinion as to the truth of the allegations of Paragraph 1 of the Amended Complaint.

2. Defendants deny knowledge and information sufficient to form an opinion as to the truth of the allegations of Paragraph 2 of the Amended Complaint..

3. Defendants deny the allegations of Paragraph 3 of the Amended Complaint, except avers that Defendant Private Label is a limited liability company organized under the laws of Delaware.

4. Defendants deny the allegations of the paragraph 4 of the Amended Complaint, except avers that Defendant Second Skin, LLC is a limited liability company under the laws of New Jersey and registered to do business in New York.

5. Paragraph 5 of the Amended Complaint as to jurisdiction states a legal conclusion to which a responsive pleading by Defendants is not required.

6. The first Paragraph designated Paragraph 6 of the Amended Complaint as to venue states

-2-

a legal conclusion to which a responsive pleading by Defendants is not required.

7. Defendants deny the allegations of the second Paragraph designated Paragraph 6 of the Amended Complaint, except avers that Defendant Private Label in 2002 placed purchased orders with Plaintiff Atateks Foreign Trade Ltd, Jordan ("Plaintiff Atateks Jordan") or Atateks Dis Tiscaret A.S. ("Plaintiff Atateks Turkey") for certain women's apparel manufactured by either Plaintiff Atateks Jordan and Plaintiff Atateks Turkey.

8. Defendants deny the allegations of Paragraph 7 of the Amended Complaint, except avers that Defendant Private Label in 2002 placed purchased orders with Plaintiff Atateks Foreign Trade Ltd, Jordan ("Plaintiff Atateks Jordan") or Atateks Dis Tiscaret A.S. ("Plaintiff Atateks Turkey").

9. Defendants deny the allegations of Paragraph 8 of the Amended Complaint, except avers that Defendant Private Label paid on the purchase orders until February 2007 despite disputes arising over late deliveries by Plaintiff Atateks Jordan or Plaintiff Atateks Turkey, canceled orders, defective goods and returned merchandise.

10. Defendants deny the allegations of Paragraph 9 of the Amended Complaint.

11. Defendants deny the allegations of Paragraph 10 of the Amended Complaint.

12. For its response to Paragraph 11 of the Amended Complaint, Defendants repeat and reallege its responses to paragraphs 1 through 10 of the Amended Complaint as though set forth fully herein.

13. Paragraph 12 of the Petition asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 12 of the Amended Complaint.

14. Defendants deny the allegations of Paragraph 13 of the Amended Complaint.

-3-

15. Defendants deny the allegations of Paragraph 14 of the Amended Complaint.

16. For its response to Paragraph 15 of the Amended Complaint, Defendants repeat and reallege its responses to paragraphs 1 through 15 of the Amended Complaint as though set forth fully herein.

17. Defendants deny the allegations of Paragraph 16 of the Amended Complaint, except aver that invoices were issued by Plaintiff Atateks Jordan or Plaintiff Atateks Turkey that were subject to disputes that arose over late deliveries by Plaintiff Atateks Jordan or Plaintiff Atateks Turkey, canceled orders, defective goods and returned merchandise.

18. Defendants deny the allegations of Paragraph 17 of the Amended Complaint.

19. Paragraph 18 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 18 of the Amended Complaint.

20. For its response to Paragraph 19 of the Amended Complaint, Defendants repeat and reallege its responses to paragraphs 1 through 18 of the Amended Complaint as though set forth fully herein.

21. Defendants deny the allegations of Paragraph 20 of the Amended Complaint.

22. Defendants deny the allegations of Paragraph 21 of the Amended Complaint.

23. Defendants deny the allegations of Paragraph 22 of the Amended Complaint.

24. Paragraph 23 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 23 of the Amended Complaint.

25. Paragraph 24 of the Amended Complaint asserts a legal conclusion to which no

-4-

responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 24 of the Amended Complaint.

26. For its response to Paragraph 25 of the Amended Complaint, Defendants repeat and reallege its responses to paragraphs 1 through 24 of the Amended Complaint as though set forth fully herein.

27. Defendants deny the allegations of Paragraph 26 of the Amended Complaint.

28. Paragraph 27 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 27 of the Amended Complaint.

29. Paragraph 28 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 28 of the Amended Complaint.

30. Paragraph 29 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 29 of the Amended Complaint.

31. For its response to Paragraph 30 of the Amended Complaint, Defendants repeat and reallege its responses to paragraphs 1 through 29 of the Amended Complaint as though set forth fully herein.

32. Defendants deny the allegations set forth in Paragraph 31 of the Amended Complaint.

33. Paragraph 32 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 32 of the Amended Complaint.

-5-

34. Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

35. Paragraph 34 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 34 of the Amended Complaint.

36. Paragraph 35 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 35 of the Amended Complaint.

37. For its response to Paragraph 36 of the Amended Complaint, Defendants repeat and reallege its responses to paragraphs 1 through 35 of the Amended Complaint as though set forth fully herein.

38. Defendants deny the allegations set forth in Paragraph 37 of the Amended Complaint.

39. Defendants deny the allegations set forth in Paragraph 38 of the Amended Complaint.

40. Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

41. Paragraph 40 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 40 of the Amended Complaint.

42. Paragraph 41 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 41 of the Amended Complaint.

43. For its response to Paragraph 42 of the Amended Complaint, Defendants repeat and reallege its responses to paragraphs 1 through 41 of the Amended Complaint as though set forth fully herein.

-6-

44. Defendants deny the allegations set forth in Paragraph 43 of the Amended Complaint.

45. Paragraph 44 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 44 of the Amended Complaint.

46. Paragraph 45 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 45 of the Amended Complaint.

47. Paragraph 46 of the Amended Complaint asserts a legal conclusion to which no responsive pleading is required. Nevertheless, Defendants deny the allegations of Paragraph 46 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. The claims of Plaintiff Atateks Jordan and Plaintiff Atateks Turkey are estopped.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. The claims of Plaintiff Atateks Jordan and Plaintiff Atateks Turkey fail due to a lack of consideration.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

. This action is barred insofar as Plaintiff Atateks Jordan and Plaintiff Atateks Turkey have failed to mitigate its claimed damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52. Any damages allegedly incurred by Plaintiff Atateks Jordan and Plaintiff Atateks Turkey

-7-

were the result of their own actions, errors, negligence, or other missions and were not caused, whether whole or in part, by the alleged actions or omissions of Defendant Private Label.

## AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM

53. Plaintiff Atateks Jordan is a manufacturer of women's apparel whose principal place of business is at Industrial Building V, Altajamouat Industrial City, Q.I.Z., P.O. Box 42, Amman, 11636 Jordan. Plaintiff Atateks Turkey is a manufacturer of women's apparel whose principal place of business is at Cam Skak No. 26 Merter, Instanbul, Turkey.

54. Defendant Private Label Sourcing, LLC, is a limited liability company organized under the laws of Delaware whose principal place of business is at 597 Broadway, 2R, New York, New York 10012.

55. Beginning in 2002, Defendant Private Label Sourcing, LLC, placed purchased orders with Plaintiff Atateks Jordan and/or Plaintiff Atateks Turkey for certain seamless women's apparel manufactured by either Plaintiff Atateks Jordan or Plaintiff Atateks Turkey.

56. Plaintiff Atateks Jordan and Plaintiff Atateks Turkey, failed to meet their obligations under those purchase orders in that they failed to manufacture certain goods by the dates set forth in the purchase orders.

57. Disputes arose over late deliveries between Defendant Private Label Sourcing, LLC, and Defendants as these breaches resulted in canceled orders, defective goods, and returned merchandise.

58. Defendant Private Label Sourcing, LLC, was damaged in an amount to be determined at trial by the losses that were proximately caused by the breaches of purchase orders by Plaintiff Atateks Jordan and Plaintiff Atateks Turkey placed by Defendant Private Label Sourcing, LLC.

-8-

## AS AND FOR DEFENDANTS' SECOND COUNTERCLAIM

60. Defendants repeat and reallege all of the allegations set forth in Paragraphs 52 through 58 of the First Counterclaim as if set forth fully herein.

61. As a result of the late deliveries, canceled orders, defective goods, and returned merchandise caused by Plaintiffs' breaches, the relationship of Defendant Private Label Sourcing, LLC and its client, Target Brands, Inc., was seriously and substantially damaged.

62. As a result of the damage of Defendant Private Label Sourcing, LLC, and Target Brand, Inc., caused by Plaintiffs, Defendant Private Label, LLC, lost all its business with Target Brands, Inc., supplying women's seamless apparel.

63. Defendant Private Label Sourcing, LLC, was damaged in an amount to be determined at trial by the damage to its relationship with Target Brands, Inc., and loss of business from Target Brands, Inc.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants demand Judgment:

(i) dismissing the Complaint with prejudice;

(ii) on the First Counterclaim, an award of money damages in an amount to be determined at trial;

(iii) on the Second Counterclaim, an award of money damages in an amount to be determined at trial

(iv) an award of reasonable attorneys' fees, costs and disbursements to Defendant Private Label; and

-9-

(v) for such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        May 13, 2008

NESENOFF & MILTENBERG, LLP

By: /s/ Laine A. Armstrong
Laine A. Armstrong, Esq.

**Attorneys for Defendants**

**363 Seventh Avenue, Fifth Floor
New York, New York 10001
212.736.4500**