**EXHIBIT H**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATATEKS FOREIGN TRADE, LTD. AND JORDAN
AND ATATEKS DIS TICARET A.S.,

                       Plaintiff,

        v.

PRIVATE LABEL SOURCING, LLC AND SECOND
SKIN, LLC,

                       Defendants.

No. 07-CV-06665 (HB)

## PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendants produce for inspection and copying the documents and things specified herein on or before May 23, 2008, at the offices of Eric J. Grannis, 620 Fifth Avenue, New York, New York 10020.

## DEFINITIONS AND INSTRUCTIONS

        1.      Plaintiffs incorporate by reference the definitions and instructions contained in their First Request for the Production of Documents to Defendants dated February 13, 2008.

        2.      Unless otherwise indicated, the requests herein shall be construed to call for all documents created on or after January 1, 2002.

## DOCUMENT REQUESTS

        1.      All purchase orders from Target Corporation or any other entity relating to goods manufactured by Plaintiffs.

      2.      Documents sufficient to show all payments by Target Corporation or any other entity for goods manufactured by Plaintiffs and charge-backs, credits or returns relating to such goods.

      3.      All documents concerning transfers of funds between the Defendants.

      4.      Financial statements and records sufficient to show the financial condition of Private Label from January 1, 2002 until present including whether Private Label was solvent during this period.

      5.      Documents sufficient to show the ownership of Defendants from January 1, 2002 until present.

      6.      Documents sufficient to show the officers and directors of Defendants from January 1, 2002 until present.

      7.      All documents referenced in Defendants' initial disclosures.

      8.      All documents upon which Defendants intend to rely.

Dated: New York, New York
      April 23, 2008

          LAW OFFICES OF ERIC J. GRANNIS

By: _____

          Eric J. Grannis (EG-8403)
          Attorneys for Plaintiffs
          620 Fifth Avenue
          New York, NY 10020
          212-903-1025

**EXHIBIT I**

NESENOFF & MILTENBERG, LLP

ATTORNEYS AT LAW
363 SEVENTH AVENUE
FIFTH FLOOR
NEW YORK, NEW YORK 10001-3904

TELEPHONE (212) 736-4500
TELECOPIER (212) 736-2260

IRA S. NESENOFF
ANDREW T. MILTENBERG

PHILIP A. BYLER
ALAN M. SHECTMAN
SHARI S. LASKOWITZ
LAINE A. ARMSTRONG
MEGAN S. GODDARD
ANDREW B. PLOTKIN

PARALEGAL

TANYA C. SIMMONS

May 28, 2008

**VIA EMAIL DELIVERY**
Eric J. Grannis, Esq.
Law Offices of Eric J. Grannis
620 5th Avenue, 4th Floor
New York, New York 10020

Re:    **Atateks Foreign Trade Ltd, et. al. v. Private Label Sourcing, LLC**
       **Index No. 07 Civ. 6665 (SDNY)(HB)**

Dear Mr. Grannis:

        I write in response to your letter dated May 27, 2008 concerning what you call the deficiencies in Defendants' production of documents. Defendants have provided full and sufficient responses to Plaintiffs requests for documents.

        First, regarding with your claim that the tax returns for Private Label Sourcing, LLC, are an insufficient response to Plaintiffs' request for "Financial statements and records sufficient to show the financial condition of Private Label from January 1, 2002 until present including whether Private label was solvent during this period", to the contrary, the tax returns report Private Label Sourcing, LLC's complete financial condition. These tax returns each include: (i) an statement of income and expenses on the first page and (ii) a balance sheet at "Schedule L", which together show all of the information that would appear on a financial statement and demonstrate that Private Label Sourcing, LLC, is, and was at all relevant times, solvent.

        Second, regarding your claim that our document production is deficient because we have not produced "Documents sufficient to show all payments by Target Corporation or any other entity for goods manufactured by responsive documents", Defendants have produced all documents responsive to this request. As an initial matter, Target Company secured payment on the majority of purchase orders issued by Private Label Sourcing, LLC to Plaintiffs by direct letters of credit in favor of Plaintiffs. Plaintiffs should have the documents relevant to these payments by Target Company in their possession. In addition, Plaintiff did not receive any payment from Target Company for the direct shipment purchase orders between Private Label Sourcing, LLC, and Plaintiffs. As is standard in the garment industry, Private Label Sourcing, LLC, assigned its receivables from Target Company to a factoring company, BB&T (Branch Banking and Trust Company), and all payments from Target

NESENOFF & MILTENBERG, LLP

**Mr. Eric Grannis**
**May 28, 2008**
**Page 2**

Company were made directly to BB&T.  Further, we have provided all documents in Defendants'
possession regarding charge-backs, credits, and return of goods, as demanded in Plaintiffs Second
Request for the Production of Documents.

    Please feel free to contact me to discuss the foregoing.

                                **Very Truly Yours,**

                    **By:**  _____
                             **Laine A. Armstrong**

cc:    Andrew T. Miltenberg, Esq.
       Philip A. Byler, Esq.

**EXHIBIT J**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ATATEKS FOREIGN TRADE LTD, JORDAN and
ATATEKS DIS TICARET A.S.,

                              Plaintiffs,                    No. 07 Civ. 6665  (HB)

                    - against -                              NOTICE OF DEPOSITION

PRIVATE LABEL SOURCING, LLC and SECOND
SKIN, LLC,

                              Defendants.

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal

Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of

Defendant Private Label Sourcing, LLC on May 20, 2008, at 10 a.m., at the offices of

Eric J. Grannis, 620 Fifth Avenue, New York, New York 10020.  The deposition shall

continue from day to day until completed.  The deposition shall take place before a

person duly authorized by the State of New York to administer oaths, and recorded by

stenographic means.  You are invited to attend and cross examine.

Pursuant to Rule 30(b)(6), the deponent shall designate one or more

officers, directors, managing agents or other persons who will testify on its behalf

concerning the following matters:

1)  The sale of any goods manufactured by Plaintiffs;

2)  All payments by Target Corporation or any other entity for goods

     manufactured by Plaintiffs including the amount of such payments and

     the recipient of such payments;

3)   Charge-backs, credits or returns relating to goods manufactured by

     Plaintiffs;

4)   The transfer of funds between the Defendants from January 1, 2002

     until present;

5)   The ownership of Defendants from January 1, 2002 until present; and

6)   The financial condition of Private Label including whether or not

     Private Label was solvent during the period from January 1, 2002 to

     present.

Dated: New York, New York
       April 28, 2008

                                        LAW OFFICES OF ERIC J. GRANNIS

                                        By: _____
                                            Eric J. Grannis         (EG8403)
                                        620 Fifth Avenue
                                        New York, NY 10020
                                        212-903-1025

                                        Attorneys for Plaintiffs

**EXHIBIT K**

| | |
|---|---|
| **From:** | Laine Armstrong [larmstrong@nmllplaw.com] |
| **Sent:** | Wednesday, May 14, 2008 3:02 PM |
| **To:** | Eric J. Grannis |
| **Cc:** | Andrew T. Miltenberg; Phil Byler |
| **Subject:** | FW: Atateks Depositions |

Eric,

I do mean "Ihsan Arslan", thank you. While I understand your clients' concern about appearing in New York for a deposition, it is my understanding from my clients that negotiations concerning financial matters and negotiation of the initial agreement with Private Label were undertaken with Ihsan, and Ilhan was neither present at or part of those negitiation. Therefore, we believe his testimony is crucial to our defense. Please let us know when he will be able to appear, so that we can arrange for his deposition.

In addition, Christine Dente will be appearing for the 30(b)(6) deposition.

Thanks,


Laine A. Armstrong
NESENOFF & MILTENBERG, LLP
363 7th Avenue, 5th Floor
New York, New York 10001
212.736.4500

larmstrong@nmllplaw.com

*********************************************************************************
This electronic message, including any and all attachments hereto, is intended solely to be used by the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to its intended recipient, you are herewith notified that any dissemination, distribution, copying or retention of this communication or the information contained herein is strictly prohibited. If you have received this message communication in error, please notify us by telephone immediately and permanently delete the original and any copy or printout thereof. Statements made in, or attachments to, this email are not intended to be contractual in nature, and are therefore not binding on this firm or our clients unless and until mutually satisfactory agreements memorializing the subject matter of this transmission are executed by hand, in ink, (or by facsimile if authorized by the parties) and hard copies are mutually delivered by the parties thereto. Thank you.

The sender believes that this E-mail and any attachments were free of any virus, worm, Trojan horse, and/or malicious code when sent. This message and its attachments could have been infected during transmission. By reading the message and opening any attachments, the recipient accepts full responsibility for taking protective and remedial action about viruses and other defects. The sender and the sender's employer is/are not liable for any loss or damage arising in any way from this message or its attachments.

**EXHIBIT L**

�’1�’

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ATATEKS FOREIGN TRADE LTD, JORDAN |
AND ATATEKS DIS TICARET A.S.,            |        No. 07 Civ. 6665 (HB)
            Plaintiffs,                          |
                                                 |
     -against -                                  |
                                                 |
PRIVATE LABEL SOURCING, LLC,             |
AND SECOND SKIN, LLC                     |
                                                 |
            Defendants.                          |
-------------------------------------------------------------x

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant PRIVATE

LABEL SOURCING, LLC and SECOND SKIN, LLC ("Defendants"), by its attorneys Nesenoff &

Miltenberg, LLP, hereby respond and object to the Second Set of Document Requests ("Document

Requests") of Plaintiffs Atateks Foreign Trade LTD, Jordan and Atateks Dis Ticaret A.S.

("Plaintiff's").

### GENERAL OBJECTIONS

1.      Defendants incorporate by reference each and every General Objection set forth in

Defendants' Response to Plaintiffs' First Request for Production of Documents dated April 18, 2008,

as if set forth herein.  The incorporated General Objections apply to the Documents Requests as a

whole, and each of the Responses herein is made subject to them.

2.      In addition, Defendants object to the Document Requests to the extent that they seek

financial information regarding the Defendants which is not related to the goods that are the subject

of this case.

�’2�’

## RESPONSES AND SPECIFIC OBJECTIONS

### DOCUMENT REQUEST NO. 1:

All purchase orders from Target Corporation or any other entity relating to goods manufactured by Plaintiffs.

#### Response to Request No. 1:

Defendants object to Request No. 1 on the ground that it seeks documents have already been produced by Defendants or are already in Plaintiffs' possession. Subject to the foregoing, and the General Objections, Defendants have produced or will produce documents in their possession, custody or control responsive to this Request.

### DOCUMENT REQUEST NO. 2:

Documents sufficient to show all payments by Target Corporation or any other entity for goods manufactured by Plaintiffs and charge-backs, credits or returns relating to such goods.

#### Response to Request No. 2:

Defendants object to Request No. 2 on the ground that it seeks documents have already been produced by Defendants or are already in Plaintiffs' possession. Subject to the foregoing, and the General Objections, Defendants have produced all documents in their possession, custody or control responsive to this Request.

### DOCUMENT REQUEST NO. 3

All documents concerning transfer of funds between the Defendants.

˘3˘

### Response to Request No. 3:

Defendants object to Request No. 3 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible in this litigation. In addition, Defendants object to Request No. 3 on the ground that it seeks financial information of the Defendants that is not related to funds paid or received for the goods that are the subject of this case. Subject to the foregoing, and the general objections set forth above, Defendants have no documents in their possession, custody or control responsive to this Request.

## DOCUMENT REQUEST NO. 4:

Financial statements and records sufficient to show the financial condition of Private Label from January 1, 2002 until present including whether Private Label was solvent during this period.

### Response to Request No. 4:

Defendants object to Request No. 4 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible in this litigation. In addition, Defendants object to Request No. 4 on the ground that it seeks financial information of the Defendants that is not related to funds paid or received for the goods that are the subject of this case. Subject to the foregoing, and the general objections set forth above, Defendants have produced or will produce documents in their possession, custody or control responsive to this Request.

## DOCUMENT REQUEST NO. 5:

Documents sufficient to show the ownership of Defendants from January 1, 2002 until present.

### Response to Request No. 5:

Defendants object to Request No. 5 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible in this litigation. Subject to the foregoing, and the general objections set forth above, Defendants have produced or will produce documents in their possession, custody or control responsive to this Request.

~4~

## DOCUMENT REQUEST NO. 6:

Documents sufficient to show the officers and directors of Defendants from January 1, 2002 until present.

### Response to Request No. 6:

Defendants object to Request No. 6 on the ground that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of evidence admissible in this litigation. Subject to the foregoing, and the general objections set forth above, Defendants have no documents in their possession, custody or control responsive to this Request.

## DOCUMENT REQUEST NO. 7:

All documents referenced in Defendants' initial disclosures.

### Response to Request No. 7:

Defendants object to Request No. 7 on the ground that it seeks documents have already been produced by Defendants or are already in Plaintiffs' possession.

## DOCUMENT REQUEST NO. 8:

All documents which Defendants intend to rely.

### Response to Request No. 8:

Subject to the General Objections, Defendants have produced or will produce documents in their possession, custody or control responsive to Request No. 8.

DEFENDANTS RESERVE THE RIGHT TO SUPPLEMENT ITS PRODUCTION OF DOCUMENTS ACCOMPANYING THIS RESPONSE.

-5-

**Dated:**       New York, New York
                 May 15, 2008

<div style="margin-left: 40%;">

NESENOFF & MILTENBERG, LLP

**By:** _____
       Andrew T. Miltenberg, Esq.

**Attorneys for Defendants**
**363 Seventh Avenue - 5th Floor**
**New York, New York 10001**
**212.736.4500**

</div>

**TO:**   Eric J. Grannis, Esq.
         Law Offices of Eric J. Grannis
         620 Fifth Avenue
         New York, New York 10020
         212.903.1025

**EXHIBIT M**

1  ALAN I. KAPLAN (State Bar No. 90594)
   Law Offices of Alan I. Kaplan
2  11111 Santa Monica Blvd, Suite 1000
   Los Angeles, CA 90025
3  Tel: (310) 478-8383
   Fax: (310) 478-8006
4  Attorney for Plaintiff,
   C&C Textile Co., LTD
5

6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&C Textile Co., LTD., <br><br> a Korean Corporation, <br><br>       Plaintiff, <br><br> vs. <br><br> Private Label Sourcing, LLC, a Delaware Limited Liability Company, Private Label Sourcing, LLC, a New Jersey Limited Liability Company, Second Skin, LLC, a New Jersey Limited Liability Company, Christine Dente, Bruce R. Allen, Well Success Textile (HK) Co. Ltd, Jetwell Garments, Ltd, a Hong Kong Corporation, and DOES 1-10, inclusive, <br><br>       Defendants. | Case No. CV07-07408 RGK VBKx <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> 1. **BREACH OF CONTRACT;** <br> 2. **FRAUD;** <br> 3. **COMMON COUNT** <br> 4. **DECLARATORY RELIEF** |

## INTRODUCTION

Plaintiff herewith files this First Amended Complaint for the sole purpose of setting forth the corrected name of one Defendant. Since filing the complaint, Plaintiff has learned that the true name of the defendant Well Success is "Well Success Textile (HK) Co. Ltd." This First Amended Complaint is otherwise identical to the original Complaint.

1

**FIRST AMENDED COMPLAINT**

Plaintiff C&C Textile Co., LTD., ("Plaintiff" or "C&C"), alleges as
follows:

<div align="center">THE PARTIES</div>

1.      Plaintiff has, at all relevant times, been a corporation duly organized
and existing under the laws of the South Korea, with its principal place of
business in Seoul, South Korea.

2.      At all relevant times, an entity named Private Label Sourcing, LLC
has been a limited liability company duly organized and existing under the laws of
the State of Delaware with its principal place of business in New York City, New
York.  Additionally, at all relevant times, a second entity also named Private Label
Sourcing, LLC, has been a limited liability company duly organized and existing
under the laws of the State of New Jersey with its principal place of business in
New York City, New York, at the same address as the first entity. Plaintiff alleges
that there is a unity of interest between the two entities and that they should be
treated as one and the same. Both entities shall henceforth be referred to jointly
as "PLSL".

3.      At all relevant times, Well Success Textile (HK) Co. Ltd. and Jetwell
Garments, Ltd (hereinafter jointly referred to as "Well Success") have been
corporations duly organized and existing under the laws of Hong Kong SAR, with
their principal place of business in Hong Kong and China, and which are doing
business in China and the United States. Plaintiff is informed and believes that
there is such a unity of interest between Well Success and Jetwell Garments,
Ltd., that it would be in the interests of justice to treat them as the same entity.
Well Success has stated that it is the finance/accounting office of PLSL.

4.      Target Stores, Inc. ("Target"), although not a party to this action,
has, at all relevant times, been a corporation duly organized and existing under
the laws of the State of Delaware, with its principal place of business in
Minneapolis, Minnesota.

<div align="center">2</div>

<div align="center">**FIRST AMENDED COMPLAINT**</div>

5.    At all relevant times, Defendant Christine Dente ("Dente") has been an individual residing in New Jersey and doing business in New York City, NY.

6.    At all relevant times, Defendant Bruce R. Allen, ("Allen") has been an individual residing in New Jersey and doing business in New York City, N.Y.

7.    Second Skin, LLC. ("Second Skin") is a limited liability company, owned by Dente, organized and existing under the laws of the State of New Jersey, with its principal place of business in New York City, N.Y.

8.    Plaintiff is informed and believes that at various times during and after the transaction involved Dente and Allen and/or Well Success wholly owned, controlled, operated and used PLSL as an alter-ego or mere instrumentality to carry out business for the personal benefit of some or all of them. Through this arrangement, Dente, Well Success and Allen have used PLSL as a sham, to defeat justice, to perpetrate fraud and/or to evade contractual and/or tort liability, including but not limited to using PLSL to purchase goods from Plaintiff while knowing beforehand that they would not or could not pay the full amount but would instead divert funds received from PLSL's principal, Target, in payment for the goods produced by Plaintiff, to their own personal use or to pay other PLSL creditors. Plaintiff is also informed and believes that PLSL was and is inadequately capitalized to carry on its business and pay its creditors. Plaintiff is also informed and believes that there is a unity of interest between PLSL, Dente, Well Success and/or Allen. Disregarding the separate existence of PLSL to hold Dente, Well Success and Allen liable for the acts and omissions of PLSL is necessary to accomplish justice.

9.    Plaintiff is informed and believes that Well Success has at all relevant times been the finance/accounting office of PLSL and an alter ego of PLSL, and part owner of PLSL along with Dente, with the responsibility of receiving funds owed to PLSL to pay certain preferred creditors of PLSL, while preventing other "non-preferred" creditors of PLSL from accessing said funds to

3

**FIRST AMENDED COMPLAINT**

pay obligations owed by PLSL to those creditors. PLSL directed its creditors, including Target, to pay to Well Success most or all of the sums owed to PLSL. Plaintiff is informed and believes that, accordingly, the relationship between PLSL and Well Success was established in order to hinder, defraud and delay certain creditors of PLSL.  PLSL and Well Success should therefore be regarded as the same entity.

10.     Plaintiff is informed and believes that Dente formed Second Skin in June of 2005 in order to serve as a sourcing agent for Target, just as PLSL had, in order to avoid claims of the unpaid creditors of PLSL.  There is a unity of interest between PLSL, Dente and Second Skin. Accordingly, PLSL and Second Skin should be regarded as the same entity, and any separateness between Dente, PLSL and Second Skin should be disregarded.

11.     Plaintiff is unaware of the true names and capacities of the defendants identified as Does 1 through 10, herein. Plaintiff is informed and believes that each of the fictitiously designated defendants was the agent or employee of the remaining defendants or was in some other manner legally responsible for the acts, errors or omissions of the other defendants, and the resulting damages suffered by it. Plaintiff will seek leave of court to amend this complaint (or will file an appropriate amendment to the Complaint) when the true names or identities of the Doe defendants have been ascertained.

## JURISDICTION AND VENUE

12.     This Court has diversity jurisdiction over the subject matter of this pursuant to 28 U.S.C.§§ 1332, §2201 and1367 and the doctrine of pendant jurisdiction.

13.     Venue is proper in this court pursuant to 28 U.S.C. §1391(a) and (c).

4

**FIRST AMENDED COMPLAINT**

**FIRST CAUSE OF ACTION**

**AGAINST ALL DEFENDANTS FOR BREACH OF CONTRACT**

14.     Plaintiff here refers to and incorporates each and every one of the Allegations set forth in Paragraphs 1 through 14 as though fully set forth at this place.

15.     Plaintiff is in the business of supplying clothing to companies in Southern California and throughout the world.

16.     On or about July 6, 2005, a "Documents against Acceptance" Sales Contract (See Exhibit "1", hereinafter, "Sales Contract") was entered into between C&C and PLSL, which, as shown on the Sales Contract, was acting as a sourcing agent for Target to purchase items listed in Target's purchase order #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. Allen executed the Sales Contract on behalf of PLSL.

17.     Pursuant to the Sales Contract, C&C agreed to ship 85,796 Garments from Indonesia in four shipments to Defendants at a designated receiving point in Los Angeles, CA, for which Defendants agreed to pay the sum of $373,212.60 due on or before September 22, 2005.  Defendants' agent was to take possession of the Garments in Los Angeles, CA.  It was understood and/ or agreed by and between the parties that Defendants would pay for the Garments out of their own funds, but that if they had not done so by the time they received payment from Target, that the funds received from Target for the Garments would be used to pay Plaintiff.

18.     On January 4th, 2006, Well Success (a/k/a Jetwell) purchased Allen's interest in one of the PLSL entities, pursuant to a written contract (Exhibit "10" hereto) agreeing to "assume the liabilities of the Seller's LLC Membership" which includes the liabilities to Plaintiff herein. On June 29th, 2006, Plaintiff and Well Success executed a contract (The Extension Agreement) modifying the Sales Contract. A true and correct copy of the Extension Agreement is attached hereto as Exhibit "11". Pursuant to the Extension Agreement PLSL and Well

5

**FIRST AMENDED COMPLAINT**

Success (as PLSL's "financial/accounting office") jointly agreed to pay all sums due to Plaintiff, and, if the sum was not paid as agreed, to pay all expenses (which both parties understood to include attorneys' fees) arising in connection with any court action.

19.     Plaintiff has performed all terms and conditions required of it under the terms of the Sales Contract.  Plaintiff shipped the Garments in a timely manner to the designated receiving point in Los Angeles, and Defendant PLSL took possession of the Garments in Los Angeles, by and through PLSL's authorized agents.

20.     Defendants breached the Sales Contract and the Extension Agreement as they paid only $87,630.75 on or about October 20, 2005 for the goods that Plaintiff provided to Defendants under Bill of Lading #8462-5778-8510 and paid plaintiff $36,000.00 on account on or about December 20, 2007 and otherwise failed to make the following payments:

   a.     Other than paying the sum of $36,000.00 on December 20, 2007, Defendants failed to pay for goods that Plaintiff provided to Defendants under Bill of Lading #180-3717-9192 (a true and correct copy of which is attached hereto as Exhibit "2"), in the amount of $87,000.00 as shown on invoice # CNC 501196 (Exhibit "3") ($51,000.00 after subtracting the $36,000.00 payment), which was due on or before October 2005.

   b.     Defendants failed to pay for goods that Plaintiff provided to Defendants under Bill of Lading #180-3717-9144 (Exhibit "4"), in the amount of $97,788.00, as shown on Invoice CNC 501197 (Exhibit "5") ,which was due on or before September 22, 2005.

   c.     Defendants failed to pay for goods that Plaintiff provided to Defendants under Bill of Lading #180-3719-1571 (Exhibit "6"), in the amount of $5220.00, as shown on Invoice CNC 501A207 (Exhibit "7") ,which was due on or before September 22, 2005.

6

**FIRST AMENDED COMPLAINT**

1              d.     Defendants failed to pay for goods that Plaintiff provided to

2 Defendants under Bill of Lading #180-5778-8554 (Exhibit "8"), in the amount of

3 $96,204.60.00, as shown on Invoice CNC 501B208 (Exhibit "9") ,which was due

4 on or before September 22, 2005.

5       21.     Defendants have repeatedly admitted the legitimacy of this debt but

6 have failed to pay the amount due.

7       22.     Each of the defendants at all relevant times was and is the agent,

8 joint venturer or employee of each of their co-defendants, and in doing the acts

9 and things alleged in this Complaint, was acting within the course and scope of

10 that agency, joint venture or employment, and with the permission, consent, and

11 encouragement of each of the co-defendants.

12      23.     On or about December 20, 2007, Defendants paid to Plaintiff the

13 sum of $36,000.00.

14      24.     As a direct and proximate result of Defendants' breach of the

15 Contract, Plaintiff has been damaged in the total principal sum of $249,581.85,

16 calculated as follows:  $373,212.60 - $87,630.75 (paid) - $36,000.00 (paid) =

17 $249,581.85.

18      25.     Defendants have failed to pay any part of the foregoing sums,

19 although demand therefor has been made, and there is now due, owing and

20 unpaid from Defendants to Plaintiff the sum of $249,581.85 plus interest of

21 $25,401.38 through April 20, 2007, for a total of $274,983.23.

22      26.     The interest is calculated as 5.8% (as per the Contract terms) of

23 285,581.85 in the amount of $45.38 per day from and after September 22, 2005

24 until December 20, 2006 for a total of $20,602.52.   After payment of $36,000.00

25 was made on or about December 20, 2006, the interest is based on 5.8% of the

26 principal amount of 249,581.85 in the amount of $39.66 per day for a total interest

27 of 4,798.86.  Thus the total amount of interest as of April 20, 2007 as calculated

28 is $20,602.52 + $4798.86 = $25,401.38.

7

**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

## AGAINST DEFENDANTS CHRISTINE DENTE, BRUCE ALLEN

## AND DOES 1-10

## FOR FRAUD

27.    Plaintiff here refers to and incorporates each and every one of the Allegations in Paragraphs 1-19 as though fully set forth at this place.

28.    By executing the Sales Contract, Defendant Allen represented to Plaintiff that Defendants would pay for the Garments as and when provided in the Sales Contract provided that Garments conforming to the Sales Contract were shipped at or about the dates specified therein. Defendant Christine Dente authorized Defendant Allen to sign the Sales Contract and thereby to make said representations, with the intention to induce Plaintiff to use its own credit to have the Garments manufactured and shipped to Defendant PLSL in Los Angeles.

29.    In reliance on Defendants' representations, Plaintiff used its own company credit to have the Garments manufactured in Indonesia and shipped to PLSL's agent in Los Angeles without requiring a letter of credit to secure payment from PLSL to Plaintiff.

30.    The representations that Defendants made were materially false at the time Defendants caused them to be made. The true facts were that Defendants intended to "charge back" Plaintiff after Defendants had received the Garments in Los Angeles, and reduce or extinguish the amount paid to Plaintiff under the Sales Contract. The "charge backs" were based on alleged delays in the design and manufacturing process that had taken place before the parties signed the Sales Contract. Had Plaintiff known the true facts, it would not have entered into the Sales Contract.

31.    As a direct and proximate result of Defendants' fraud, Plaintiff has been unable to pay its creditors in a timely fashion, and has been otherwise damaged in a sum according to proof at trial. Since Defendants acted in a

8

**FIRST AMENDED COMPLAINT**

fraudulent manner, Plaintiff is entitled to recover exemplary damages in addition to general damages.

### THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### COMMON COUNT-MONEY HAD AND RECEIVED

32.     Plaintiff here refers to and incorporates the allegations set forth in Paragraph 1 through 24 as though fully set forth at this place.

33.     Within two years last past, Defendants became indebted to Plaintiff for money had and received for the use and benefit of Plaintiff, no part of which has been paid. There now remains due and owing from Defendants to Plaintiff the principal sum of $249,581.85 plus interest of $25,401.38 through April 20, 2007, for a total of $274,983.23,plus daily interest of $39.66 per day from and after April 20, 2007.

### FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### DECLARATORY RELIEF

34.     An actual controversy exists between Plaintiff and Defendants and each of them, concerning their respective rights and obligations, in that Plaintiff contends that Defendants and each of them are liable to Plaintiff for the sums due under the Sales Contract, and for the other damages prayed for herein.

35.     Plaintiff is informed and believes that Defendants contend that they are not liable under the Sales Contract, either because of alleged "charge backs" or because each individual Defendant  should be regarded as separate entities who have no privity with Plaintiff.

36.     A judgment is therefore necessary declaring the rights of the parties, including respective liability or nonliability of each Defendant for the sums claimed to be due under the Sales Contract.

9

**FIRST AMENDED COMPLAINT**

WHEREFORE Plaintiff prays for judgment against Defendants and each of them, on all causes of action, as follows:

1.     For the Principal sum of $249,581.85.

2.     For interest in the sum of $25,401.38, plus the sum of $39.66  per day from and after April 20, 2007.

3.     For a declaration that all Defendants are the alter egos of each other and jointly and severally liable for the obligations that are the subject of this Complaint.

4.     For exemplary damages in a sum according to proof at trial.

5.     For a declaration of the rights and obligations of Plaintiff and each Defendant arising out of the facts alleged in this Complaint.

6.     For Plaintiff's reasonable attorneys' fees.

7.     For Plaintiff's costs of suit.

8.     For such other and further relief as this court may deem just and proper.


DATED: February 28, 2008

                                        RESPECTFULLY SUBMITTED,
                                        LAW OFFICES OF ALAN I. KAPLAN



                                        _____
                                        By: Alan I. Kaplan,
                                        Attorney for Plaintiff
                                        C&C Textile Co.. LTD

**FIRST AMENDED COMPLAINT**