UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ATATEKS FOREIGN TRADE LTD, JORDAN
and ATATEKS DIS TICARET A.S.,

                        Plaintiffs,

              -against-

PRIVATE LABEL SOURCING, LLC
and SECOND SKIN, LLC,

                        Defendants.
-------------------------------------------------------------------x

Index No. 07 Civ. 6665 (HB)

**REPLY DECLARATION OF PHILIP A. BYLER, ESQ. IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING DEFENDANT SECOND SKIN, LLC**

      **PHILIP A. BYLER, ESQ.** hereby declares subject to the penalties of perjury pursuant to 28 U.S. C. § 1746:

      1. I am a member of the Bars of, among others, the States of New York and Ohio, the U.S. District Courts for the Southern and Eastern Districts of New York, the U.S. Courts of Appeals for the Second, Sixth, Eleventh and Federal Circuits, and the U.S. Supreme Court. I am the Senior Litigation Counsel to the firm of Nesenoff & Miltenberg, LLP, attorneys for the defendant Private Label Sourcing, LLC ("Defendant PLSL") and the defendant Second Skin, LLC ("Defendant Second Skin").

      2. I submit this Reply Declaration in further support of Defendants' motion, made pursuant to Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment dismissing Defendant Second Skin from the Complaint. The purpose of this Declaration is to identify the reply papers and to note that the nature of Plaintiff's opposition to partial summary judgment is one based on groundless accusation and contrary to this case being a goods sold and delivered case.

-2-

3. The following opposition papers are hereby being submitted: (a) this Reply Declaration; (b) the Reply Declaration of Christine Dente; (c) the Reply Declaration of John Huber, C.P.A.; (d) Defendants' Reply Memorandum of Law In Support Of Motion For Partial Summary Judgment.

4. There are two disturbing aspects to Plaintiff's opposition to partial summary judgment that are disturbing:

(a) *First*, the opposition shows that Plaintiff is not treating this case as one for goods sold and delivered. On April 28, 2008, there was a teleconference held in this case involving the Court, Eric Grannis, Esq, (counsel to Plaintiff) and me (counsel to Defendants). During that teleconference, I raised objection to the proposed Amended Complaint because it transformed the case from a goods sold and delivered case to a complicated case involving eight causes of action and supposed fraudulent conveyances, all in an effort to keep in the case Defendant Second Skin, which was not a party to the garment purchase orders in this case. This, I stated, was a problem because of the tight schedule for discovery and motion practice that was required to litigate the case in order for it to be on the August 2008 trailing trial calendar. The response of Mr. Grannis was to say he was only interested in following the flow of money in a goods sold and delivered case. His recently filed opposition to Defendants' motion for partial summary judgment, however, is based on conclusory assertions that relate to the expanded case stated in the Amended Complaint and not to a goods sold and delivered case, and on top of that, the conclusory assertions are not supported by evidence. A simple goods sold and delivered case would not support the inclusion of Defendant Second Skin in the case because the evidence shows that Defendant Second Skin was not a party to any of the purchase orders, did not receive any of the garments subject to the purchase orders and did not receive payment for any of the garments made pursuant to the purchase orders.

-3-

(b) *Second,* Mr. Grannis has made inflammatory accusations of "kickbacks" to Ms. Dente and has made personal attacks on Ms. Dente. These accusations and attacks are groundless in terms of the evidence and not ones that should have even been made. They have been made, however, because, again, a simple goods sold and delivered case would not support the inclusion of Defendant Second Skin in the case as the evidence shows that Defendant Second Skin was not a party to any of the purchase orders, did not receive any of the garments subject to the purchase orders and did not receive payment for any of the garments made pursuant to the purchase orders.

I declare under the penalty of perjury that the foregoing is true and correct.

**Dated: New York, New York**
       **June 16, 2008**

                                       ____/s/_Philip A. Byler, Esq.____
                                           **Philip A. Byler, Esq.**